JOHN CHARLES v. STATE OF NEBRASKA.

[FILED NOVEMBER 20, 1889.]

**Burglary:** REDUCTION OF SENTENCE. A young man, less than twenty-one years of age, of previous good character and habits, arrived in the city of Omaha in search of employment. He was without money, and fell in with several persons who induced him to drink intoxicating liquors, and thereafter persuaded him to burglariously enter a dwelling house in said city with one of their number. His associate escaped and he was found hiding in a closet in said house badly frightened. On an information being filed against him, he pleaded guilty to the charge of burglary and was sentenced to imprisonment in the penitentiary for ten years. *Held*, That while the crime of burglary was one of a grave character, which ordinarily should be severely punished, yet in this case the punishment was too severe, and the term of imprisonment would be reduced so as to expire November 27, 1889, the sentence dating from June 30, 1888.

56

ERROR to the district court for Douglas county.  Tried¡ below before GROFF, J.

*G. M. Lambertson,* for plaintiff in error.

*William Leese, Attorney General,* for the state.

MAXWELL, J.

The plaintiff pleaded guilty in the district court of Douglas county to a charge of burglary and was sentenced to imprisonment in the penitentiary for ten years, to date from the 30th day of June, 1888.  He now, by proceedings in error, applies for a reduction of sentence.  It appears from the evidence before us that the plaintiff arrived at the city of Omaha in the evening preceding the commission of the offense; that he was entirely without money and met some pretended friends, who invited him into a saloon to drink; that having imbibed a quantity of liquor his new found friends proposed to him that they enter the residence of John Sample of that city; that in pursuance of the invitation of his friends, he went with one of them and they entered Sample's residence.

The plaintiff appears to have been in a partially dazed condition and had neither arms nor money on his person. The pretended friend escaped from the house — a pistol being fired by Mr. Sample after him.  Soon afterwards the plaintiff was found in a closet in Sample's house very much frightened.  He was thereupon taken to jail and soon afterwards pleaded guilty to the charge.  In his sworn statement the plaintiff says: "That he comes of good parentage; that he has never been arrested or convicted of any other offense; that he was only something over twenty years old — not twenty-one years old — at the date of the commission of this offense.  Affiant says that he had left home to engage in business for himself about a year prior to the com-

mission of this offense; that he worked in the Hot Springs for one Mrs. ——, who kept a boarding house there over twelve months; that while so employed he became intimately acquainted with Messrs.—— and one ——, of ——, Iowa, who were then boarding with Mrs. ——; that on leaving the Hot Springs he came to Kansas City and expected to get employment there, but failing to get it came to Omaha on the night on which the burglary was committed; that he reached that town without any money, and there fell in with some associates who prevailed upon him to take one or two or more drinks of liquor, and under the influence of liquor he was induced to enter upon the enterprise and to commit the offense in question. Affiant says that he has always been a sober, industrious, and law-abiding young man, that when he entered the house in question he was unarmed and had no money upon his person or any weapons with which to injure any one. He had no counsel at the time of the trial and he was so mortified and so ashamed of the offense in question, and so fearful that the news, if conveyed to his mother, would kill her, that he did not notify his parents so that they could give him help, and he entered a plea of guilty without consultation with any lawyer or without communicating with his friends." This statement is fully corroborated by a number of reliable witnesses and seems to be substantially correct.

The crime of burglary is a serious one. The person who deliberately enters a dwelling for the purpose of larceny or robbery not unfrequently has determined in his mind and is prepared to commit the still greater crime of murder if necessary to effect his object or secure his escape. Such a case, when fully established, should be severely punished, and perhaps the full limit of the law is not excessive. The statute fixes the minimum punishment at one year and the maximum at ten. Between these periods the court has a discretion in fixing the term of

Charles v. State.

imprisonment, the intention being that the court shall graduate it according to the facts of the case. It was never intended, however, to impose the full penalty of the law unless a case of great atrocity was shown. No doubt the prosecuting attorney and court were misled by his plea of guilty and hence failed to inquire into the circumstances, but nevertheless the sentence is entirely too severe and is conceded to be excessive by the attorney general. In Maxwell's Criminal Procedure, p. 661, it is said: "There is certainly a great difference in the character of the offense between the hardened villain who waylays and robs his victim, or who burglariously enters your dwelling at night with the intent to steal and murder if necessary, and the young man of previously good character, who has been guilty of some act which barely makes him criminally liable. In the one case the full punishment allowed by law, perhaps would not be too severe, particularly if the party had been previously convicted of a similar offense, while in the other, if the law will permit a punishment other than by imprisonment in the penitentiary and the consequent infamy, it might, and probably would, have the effect thereafter to make him a law-abiding citizen. In no case should the sentence exceed the bounds of just punishment. But little reformation may be expected from a prisoner smarting under a disproportionate and unjust sentence. The fact that he has been convicted of a crime does not authorize the courts to deprive him of those rights which the law still recognizes, nor to treat him as one having no rights."

The above expresses our views in this case. The sentence will be reduced under the provisions of the statute so as to expire on the 27th day of November, 1889.

JUDGMENT ACCORDINGLY.

THE other Judges concur.