# Staunton.

## KELLEY MESSER v. COMMONWEALTH.

### No. 2.

#### September 23, 1926.

1. INTOXICATING LIQUORS—*Cruel and Unusual Punishment—Penalty for Possession of Intoxicating Liquors—Constitutionality.*—Section 5 of the prohibition act of 1918, page 579, providing that any person who shall violate any of the provisions of the act shall, except as therein otherwise provided, be guilty of a misdemeanor, and be fined not less than fifty dollars nor more than five hundred dollars, and be confined in jail not less than one nor more than six months, is constitutional and does not violate the inhibition against cruel and unusual punishment.

2. INTOXICATING LIQUORS—*Possession—Offense Unintentional or Inadvertent—Failure to Obtain a Prescription—Jury Failing to Heed Instruction of the Court—Case at Bar.*—In the instant case accused was convicted of having ardent spirits in his possession at a place not his home. Accused testified that he had procured the ardent spirits in question upon the advice of a physician; but, that he did not ask for or receive any prescription, and, that he had no intention of violating the law. The physician corroborated the accused. The trial judge properly instructed the jury that if they should believe from the evidence that the offense was unintentional or inadvertent they might in their discretion omit the jail sentence. The jury returned a verdict fixing the maximum penalty—six months imprisonment and $500.00 fine.

   *Held:* That the apparent failure of the jury to heed the instruction of the court as to the inadvertence of the offense and omission of the jail sentence, constituted reversible error, although having failed to procure a prescription accused was clearly guilty.

3. VERDICT—*Criminal Law—Penalty not Exceeding Maximum Punishment—Setting Aside Verdict—Case at Bar.*—When a statute prescribes a maximum penalty, and the penalty imposed does not exceed such maximum, the courts have no power to set a verdict aside merely on the ground of abuse of discretion. Nevertheless, where the court instructed the jury, in a prosecution for the possession of liquor, that if they should believe that the offense was unintentional

or inadvertent they might in their discretion omit the jail sentence and the jury returned a verdict fixing the maximum penalty permitted by the statute—six months imprisonment and $500.00 fine, the failure of the jury to heed the instruction of the court, when the uncontradicted evidence showed the offence to be unintentional, constituted reversible error.

Error to a judgment of the Circuit Court of Giles county.

*Reversed and remanded.*

The opinion states the case.

*W. B. Snidow,* for the plaintiff in error.

*John R. Saunders, Attorney General, Lewis H. Machen* and *Leon M. Bazile, Assistant Attorneys General,* for the Commonwealth.

PRENTIS, P., delivered the opinion of the court.

The accused has been convicted · of having ardent spirits in his possession at a place not his home.

The facts shown by the Commonwealth are that three prohibition officers arrested him and found in his possession a small ten-ounce bottle containing about half a pint of whiskey.

The accused testified that he had been suffering from influenza; that his heart had become affected; that upon the advice of his physician he procured and had the whiskey; that he did not ask for or receive any prescription therefor, and having secured the whiskey, was on his way back to his room when he was arrested; that he had no intention of violating the law, but the doctor had told him that he needed it; and that for his personal use alone, because of his physician's advice, he had secured this small quantity. The doctor, a regular practicing physician, corroborated the accused, and stated that his advice had been given ten days prior to the arrest.

Thereupon, the trial judge properly instructed the jury that if they should believe from the evidence that the offense was unintentional or inadvertent they might in their discretion omit the jail sentence. Instead of ameliorating the punishment, as properly suggested by this instruction, they returned a verdict fixing the maximum penalties permitted by the statute—six months imprisonment and five hundred dollars fine. A motion to set aside the verdict was overruled, sentence was imposed in accordance with the verdict, and this is assigned as error.

Of course, it is manifest that the accused is guilty. He should have procured a prescription from some physician, as is required by law when whiskey is desired for medicinal use.

The statute also permits a minimum fine of fifty dollars and a minimum imprisonment of one month for such an offense. It is true that the jury is vested with discretion within the prescribed limits but only with discretion to fit the punishment to the crime, and it should be exercised reasonably, with due regard to the circumstances shown by the evidence. It is not an unrestrained power. The General Assembly has clearly indicated the extreme penalties which can be appropriately imposed upon one guilty of this crime, even when the evidence shows a flagrant and wilful violation, without explanation other than a deliberate purpose to disregard the law. At the same time it is also clearly indicated that lesser penalties should be imposed in those cases where the circumstances show lesser contumacy. Within the prescribed limits the discretion of juries is rarely questioned, and this is as it should be. The courts, however, have responsibilities which they should not abdicate to juries, and when juries misunderstand and exceed, or abuse, their powers, it is the duty of the judges to intervene.

If there is any good reason in this case for the imposition of the extreme penalties, it does not appear in the record. Indeed, it clearly appears that the law would have been fully vindicated by the imposition of some lesser penalty or penalties. To inflict the maximum punishment in this case would, in my opinion, be to misapply the statute. The excessive verdict is against the evidence. I think, therefore, that the trial court should have sustained the motion and granted a new trial, and that for this error the judgment should be reversed.

In support of the view here expressed as to the judicial responsibility and power over verdicts, it may be appropriate to repeat this from *Doyle* v. *Commonwealth,* 100 Va. 815, 40 S. E. 925: "Another ground of error is that the fine is excessive. The only limitations upon the power of a jury is assessing fines in cases such as this is that found in the bill of rights, which declares 'that excessive bail ought not be to required, nor excessive fines imposed, nor cruel and unusual punishment inflicted,' and in the rule that the verdict will be set aside where it is such as to satisfy the court that the jury was influenced by prejudice or ill will."

I do not mean to intimate that this jury had any ill-will to the accused, but only to say that the extreme penalties imposed by their verdict are not justified by the evidence and are excessive.

The statute itself is constitutional and does not violate the inhibition against cruel and unusual punishments. *Hart* v. *Commonwealth,* 131 Va. 727, 109 S. E. 582.

In holding that a statute which imposed a penalty but fixed no maximum limit was constitutional, Riely, J., in *Southern Exp. Co.* v. *Walker,* 92 Va. 67, 22 S. E. 811, 41 L. R. A. 436, expresses the judicial responsibility

thus: "If a jury were to render a verdict so excessive as to contravene the inhibition of the Constitution, the wrong or vice would lie in the verdict, and not in the statute. And the objection overlooks the fact that, if a jury were to impose such a fine, it is the province of the court, and would be its duty, to set aside the verdict. The question as to an excessive fine is a judicial one, and does not affect the validity of the statute. When, if ever, any such fine is imposed by a jury, the corrective hand of the court will annul it, in accordance with the letter and spirit of the Bill of Rights."

The courts have frequently asserted their jurisdiction to supervise such verdicts, including the power to set them aside, even when within the maximum limit prescribed by statute. Appellate courts, however, have generally been reluctant to exercise the power in specific cases; but there are some precedents in which the views I have indicated as to the extent of the inherent judicial power have been enforced. Among them are, *Charles v. State*, 27 Neb. 881, 44 N. W. 39, in which these facts appeared: A young man under twenty-one years of age, of previous good character and habits, went to Omaha in search of employment. He was without money, was induced to drink intoxicating liquor, and thereafter persuaded to commit the crime of burglary with one of his tempters. His associate escaped, but he was apprehended. Upon his plea of guilty he was sentenced to imprisonment in the penitentiary for ten years. The appellate court reduced the sentence to less than two years, and said this: "The crime of burglary is a serious one. The person who deliberately enters a dwelling for the purpose of larceny or robbery not infrequently has determined in his mind, and is prepared to commit, the still greater crime of murder, if necessary to effect his object, or secure his escape. Such a

case, when fully established, should be severely punished and perhaps the full limit of the law is not excessive. The statute fixes the miminum punishment at one year, and the maximum at ten. Between these periods the court has a discretion in fixing the term of imprisonment; the intention being that the court shall graduate it according to the facts of the case. It was never intended, however, to impose the full penalty of the law, unless a case of great atrocity was shown."

Citing Maxwell's Criminal Procedure, p. 661, where it is said: "There is certainly a great difference in the character of the offense between the hardened villain who waylays and robs his victim, or who burglariously enters your dwelling at night, with the intent to steal, and murder, if necessary, and the young man of previously good character who has been guilty of some act which barely makes him criminally liable. In the one case, the full punishment allowed by law perhaps would not be too severe, particularly if the party had been previously convicted of a similar offense; while, in the other, if the law will permit a punishment other than by imprisonment in the penitentiary, and the consequent infamy, it might, and probably would, have the effect thereafter to make him a law-abiding citizen. In no case should the sentence exceed the bounds of just punishment."

In *Traylor* v. *State*, 80 Ark. 617, 96 S. W. 505, the court held that the evidence was sufficient to support a conviction of murder in the second degree, but it appearing that at the time of the crime the parties had been drinking and that the fatal altercation was brought on in an effort on the part of defendant to get the decedent, who was intoxicated and boisterous, to go home, and the testimony of defendant and other eyewitnesses tended to show that defendant was not the aggressor,

the sentence of fifteen years in the penitentiary was held to be excessive by ten years, and it was therefore reduced to five years.

In *State* v. *Neil*, 13 Idaho 539, 80 Pac. 860, the accused was convicted of rape. He was younger than the prosecutrix, who was twenty-eight years old and had for seven years been actively engaged as a professional nurse, was a woman of more than ordinary experience and observation and had never met the defendant more than once or twice before the day of the occurrence. A sentence of ten years imprisonment in the State penitentiary had been imposed, and the appellate court held it excessive because of all of the circumstances, some of which have been related, and reduced the term of imprisonment to two years.

In *Davis* v. *State*, 155 Ark. 245, 244 S. W. 750, the sentence was reduced from death to imprisonment for life in a rape case.

The subject is treated in a note to *State* v. *Olander*, 193 Ia. 1377, 186 N. W. 53, 29 A. L. R. 313, where a large number of cases are cited. In Iowa, Nebraska and Oklahoma there are statutes expressly authorizing courts to reduce excessive punishments, and the power has been frequently exercised. In England it appears that the Court of Criminal Appeals has uniformly exercised the power of reducing excessive sentences in a very large number of cases, and no question either as to the existence or the extent of the power appears to have been raised there.

Reverting to the facts of the case in judgment, it does not appear that there was any evidence tending to show that the accused was an old offender, or a habitual violator of the statute, or that his explanation was a mere subterfuge. If such incriminating circumstances had been shown, possibly the extreme penalties imposed by

the jury would have been justified.   In my opinion this supervisory responsibility of the courts, so continuously asserted, should be exercised in extreme cases without hesitation; that it should be exercised in this case; and as it is an essential judicial power it cannot be diminished by statute.   This I wish to emphasize.

[1, 2] A majority of the court, however, differ with me as to the extent of the supervisory powers of the courts over such verdicts.   They are of opinion that when a statute prescribes a maximum penalty, and the penalty imposed does not exceed such maximum, the courts have no power to set a verdict aside merely on the ground of abuse of discretion.   They are nevertheless of the opinion, in view of the facts of this case, that the apparent failure of the jury to heed the instruction of the court as to the inadvertence of the offense and the omission of the jail sentence, constitutes reversible error.

*Reversed and remanded.*