## STEELE v. SUPERIOR COURT OF CALIFORNIA, IN AND FOR CITY AND COUNTY OF SAN FRANCISCO et al.

### No. 11573.

Circuit Court of Appeals, Ninth Circuit.

Dec. 8, 1947.

As Amended on Denial of Rehearing Jan. 8, 1948.

Leo R. Friedman, of San Francisco, Cal., for appellant.

Fred N. Howser, Atty. Gen., and Clarence A. Linn, Deputy Atty. Gen., for appellees.

Before DENMAN, BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

By information filed in the Superior Court of the City and County of San Francisco, appellant was charged with a violation of § 337a of the Penal Code of the State of California, a statute defining as a crime acts commonly referred to as bookmaking and pool selling and providing punishment for the violation thereof. Upon arraignment in the state court appellant entered a plea of not guilty and thereafter filed with said state court a petition for removal of the cause to the United States District Court for the Northern District of the State of California, claiming to come within the provisions of § 31 of the Judicial Code, 28 U.S.C.A. § 74[1], and performed the acts required by said statute to effectuate a removal in the event that right existed.

The grounds for removal, as alleged in the petition, are to the effect that "a police officer of the City and County of San Francisco, without any warrant, writ or other process of any kind or character, and without the consent of appellant,

[1] The removal statute, 28 U.S.C.A. § 74, reads in part as follows: "When any civil suit or criminal prosecution is commenced in any State court, for any cause whatsoever, against any person who is denied or can not enforce in the judicial tribunals of the State, or in the part of the State where such suit or prosecution is pending, any right secured to him by any law providing for the equal civil rights of citizens of the United States or of all persons within the jurisdiction of the United States * * * such suit or prosecution may, upon the petition of such defendant, filed in said State court at any time before the trial or final hearing of the cause, stating the facts and verified by oath, be removed for trial into the next district court to be held in the district where it is pending. Upon the filing of such petition all further proceedings in the State courts shall cease, and shall not be resumed except as hereinafter provided. * * *"

forcibly broke into an apartment occupied by complainant [appellant] at his home and dwelling, in the City and County of San Francisco and, against the wish, will and consent of appellant, took certain particularly described papers, documents and writings, in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States, and in violation of the right of complainant to be secure in his house, papers and effects against unreasonable search and seizure."

The petition further alleged that complainant (appellant) filed in the state court a motion to set aside the information on the ground that the evidence used at the preliminary hearing had been unlawfully obtained by means of the unlawful search and seizure hereinbefore detailed. The motion was denied; thereafter appellant again moved the state court for an order directing the return of the unlawfully seized evidence. This motion was also denied.

The petition goes on to allege that the evidence procured in the alleged unlawful manner will be introduced against appellant at the trial in the state court; that no proceeding exists in California whereby evidence may be suppressed on motion and that under the practice sanctioned by the courts of California evidence secured by unlawful search and seizure may be used in the trial; that the sole method available in California for the return of unlawfully seized property is a civil action.

Appellant filed in the said United States District Court for the Northern District of California a bill of complaint in equity for an injunction restraining the appellees from proceeding with the case against defendant on the ground that jurisdiction was in the United States District Court pursuant to the removal proceedings hereinbefore referred to.

The United States District Court granted a motion made by appellees to dismiss the complaint.

[1, 2] The United States District Court was of the opinion that the allegations contained in appellant's petition for removal were insufficient to bring his case within the provisions of 28 U.S.C.A. § 74. We agree. We fail to find in said petition allegations sustaining appellant's contention that he has been denied "any right secured to him by any law providing for the *equal* civil rights of citizens of the United States".

The burden of appellant's argument deals with the question of rights guaranteed him by the Fourteenth Amendment to the Constitution of the United States which will be denied him by the use of evidence illegally obtained at the trial of his case. We think the question thus posed deals exclusively with the admissibility of evidence and state procedure. The courts of California have held proper the admission of evidence of this character and have sustained convictions based thereon in whole or in part. However, the procedure adopted by the California courts has been applied with *equality* as to all citizens of the United States who come before those courts. Nothing appears in the petition for removal, nor is it urged, that appellant, when and if he appears for trial, will be in any different position or denied any right accorded any other citizen of the United States placed in the same position.

If in the procedure adopted by the California courts and by it *equally* applied to all citizens of the United States there lurks a violation of other rights guaranteed by the Fourteenth Amendment that fact alone is not sufficient to justify removal to the United States District Court. We hold that in order to authorize removal as provided in Section 31 of the Judicial Code, 28 U.S.C.A. § 74, a violation of the equal protection clause of the Fourteenth Amendment must be shown. Some *equal* civil right must be denied, such as a discrimination against a particular race. Cases coming to our attention wherein a conviction was claimed to have been obtained in a state court by the use of improperly obtained evidence have been determined by the Supreme Court of the United States pursuant to the granting or denial of petitions for certiorari to review the decisions of the highest courts of the respective states.[2]

---

[2] Cf. Kentucky v. Powers, 201 U.S. 1, 26 S.Ct. 387, 50 L.Ed. 633, 5 Ann.Cas. 692; Neal v. Delaware, 103 U.S. 370, 392, 26 L.Ed. 567; Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; Brown v. Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682.

The contention that the admission of evidence obtained by illegal search and seizure upon which a conviction was obtained violated provisions of the Fourteenth Amendment was presented to the Supreme Court of California (People v. Gonzales, 20 Cal. 2d 165, 124 P.2d 44) and by it rejected. Certiorari was denied by the Supreme Court of the United States. Gonzales v. California, 317 U.S. 657, 65 S.Ct. 55, 87 L.Ed. 528; rehearing denied 317 U.S. 708, 63 S.Ct. 155, 87 L.Ed. 564.

The order appealed from is affirmed.