## STATE OF NORTH CAROLINA
### v.
### David A. JACKSON.

United States District Court
M. D. North Carolina, Greensboro Division.
Nov. 4, 1955.

Horace Kornegay, Solicitor for 18th Judicial District, Greensboro, N. C., for plaintiff.

J. Kenneth Lee, Greensboro, N. C., for defendant.

HAYES, District Judge.

This court ordered the clerk of the Superior Court of Guilford County to transfer all papers in the case of State of North Carolina v. David A. Jackson to this court for trial. Thereafter the Solicitor for the State of North Carolina

appeared before this court and moved to have the case remanded to the State court for trial. The court has listened to argument on two different occasions concerning the removal of the case.

The sole basis for the removal is stated in the defendant's petition to be that he is charged with violating North Carolina Statutes, § 60–136. That this statute violates the 14th Amendment to the Constitution of the United States and that he can not get a fair trial in the State Courts of North Carolina, for the reason that the Supreme Court has sustained the constitutionality of the statute, relying on the decision of the Supreme Court in State v. Johnson, 229 N.C. 701, 51 S.E.2d 186. The statute above makes it a crime punishable by a fine of not more than $50 for failure to observe the statute with respect to separation of the races in carriers by bus. There is nothing in the opinion to indicate that the question now raised by the defendant in this case was presented or considered by the Supreme Court in the Johnson case. Certainly there is nothing to indicate any unwillingness on the part of the Supreme Court of North Carolina to pass upon such a question when it is properly presented to it. For in the Johnson case it explained that Morgan v. Commonwealth of Virginia, 328 U.S. 373, 66 S.Ct. 1050, 90 L.Ed. 1317 was not applicable to intrastate passengers and in which it referred also to its decision in Pridgen v. Carolina Coach Co., 229 N.C. 46, 47 S.E.2d 609. In this latter case the court was endeavoring to follow the decisions of Plessy v. Ferguson, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256. It explained in what respect Morgan v. Commonwealth of Virginia was inapplicable. It therefore is apparent that the basis for removal set forth in the petition is without foundation and the case should be remanded.

The petition is probably insufficient also for the reasons set forth in State of Maryland v. Soper, 270 U.S. 9, 46 S.Ct. 185, 70 L.Ed. 449 which holds that the defendant must set forth all of the circumstances known to him out of which the prosecution arose candidly, specifically and positively explaining his relation to the matter. From the petition it is clear that he wants to test the constitutionality of the statute requiring separation of the races on intrastate busses and that is his sole purpose. It can be assumed from his failure to mention in his affidavit that he violated the statute in question, but now contends that he can not get a fair trial in the state court because he assumes that the Supreme Court has already decided the matter. This court will not presume that the courts of the state will not decide constitutional questions in harmony with the United States Supreme Court's determination of the federal constitution. The federal constitution as interpreted by the Supreme Court of the United States is as binding on a state judge as it is on a federal judge, and it would be grossly improper for this court to presume that the state judges would refuse to uphold the law of the land.

It is not in every case where some constitutional question may be involved that was intended to be covered by the removal section dealing with Civil Rights. In Neal v. State of Delaware, 103 U.S. 370, 26 L.Ed. 567, that defendant sought the transfer of the case from the state court to the federal court, in which he was charged with rape, on the ground that under the constitution and laws of the state of Delaware negroes were not allowed to serve on the jury and could not obtain a fair trial. The court held that the provisions of the constitution of a state or of its statutes repugnant to the constitution and laws of the United States were void and of no effect and that a removal on the ground that these laws were in conflict with the constitution did not constitute a sufficient reason for the removal. The court said: "We can not believe that the section (removal) was intended by Congress to be so far-reaching in its results or that a reasonable construction of it requires us to hold that the state of Delaware, by its constitu-

tion and laws, denies or prevents, or impairs the enforcement, in its judicial tribunals, of rights secured by any law providing for the equal civil rights of citizens of the United States." If, and when, the state courts refuse to follow and secure to the defendant any civil right of his under the federal constitution, he can have the United States Supreme Court itself determine the matter which is the appropriate and only feasible way to accomplish the result without bringing the courts into a hopeless conflict.

To grant a removal in every case where an alleged civil right may be, either directly or indirectly, affected under a statute that is penal in nature, would virtually require the federal court to have to pass on the constitutionality of a state statute before the state Supreme Court has done so. It is not inappropriate here to quote from Gibson v. State of Mississippi, 162 U.S. 565, 585, 16 S.Ct. 904, at page 908, 40 L.Ed. 1075.

"'It is not every denial by a state enactment of rights secured by the constitution or laws of the United States that is embraced by section 641 of the Revised Statutes. The right of removal given by that section exists only in the special cases mentioned in it. Whether a particular statute, which does not discriminate against a class of citizens in respect of their civil rights, is applicable to a pending criminal prosecution in a state court, is a question, in the first instance, for the determination of that court; and its right and duty to finally determine such a question cannot be interfered with by removing the prosecution from the state court, except in those cases which, by express enactment of congress, may be removed for trial into the courts of the United States. If that question involves rights secured by the constitution and laws of the United States, the power of ultimate review is in this court, whenever such

rights are denied by the judgment of the highest court of the state in which the decision could be had. As the judges of the state courts take an oath to support the constitution of the United States as well as the laws enacted in pursuance thereof, and as that constitution and those laws are of supreme authority, anything in the constitution or laws of any state to the contrary notwithstanding, 'upon the state courts, equally with the courts of the Union, rests the obligation to guard, enforce, and protect every right granted or secured by the constitution of the United States and the laws made in pursuance thereof, whenever those rights are involved in any suit or proceeding before them'; and 'if they fail therein, and withhold or deny rights, privileges, or immunities secured by the constitution and laws of the United States, the party aggrieved may bring the case from the highest court of the state in which the question could be decided to this court for final and conclusive determination.'"

To the same effect Bush v. Commonwealth of Kentucky, 107 U.S. 110, 1 S. Ct. 625, 27 L.Ed. 354.

Under the old wording of 28 U.S.C.A. § 1446(c) there were decisions indicating that the removal could be filed at any time before the final trial. The language of the statute now reads, "The petition for removal of a criminal prosecution may be filed at any time before trial."

While it is not necessary here to decide whether the defendant is entitled to removal after he has had one trial in the state court, in a court of original jurisdiction, where he was convicted and sentenced from which he appealed to the Superior Court where he will be granted a trial de novo, nevertheless there are sound reasons why the defendant should be denied the right to remove after he has entered voluntarily into the trial of the case in a court of

competent jurisdiction and only asks for removal after he has been convicted and sentenced. It has the appearance of experimenting with the courts which was condemned in Rosenthal v. Coates in 148 U.S. 142, 147, 13 S.Ct. 576, 37 L.Ed. 399.

Since in our view the matter should be first tested in the state court and the constitutional issue properly presented there and decided by the highest court of the state which can be reviewed, if necessary, by the United States Supreme Court, we prefer to rest our decision on this point and remand the case to the State Court for further proceedings.