James Francis **HILL**

v.

**COMMONWEALTH OF PENN-SYLVANIA.**

Misc. No. 2418.

United States District Court
W. D. Pennsylvania.

April 8, 1960.

Gilbert J. Helwig, Pittsburgh, Pa., for petitioner.

Edward C. Boyle, Dist. Atty., Louis Abramson, Asst. Dist. Atty. of Allegheny County, Pittsburgh, Pa., for Commonwealth.

John F. Potter, Asst. U. S. Atty., Pittsburgh, Pa., for the United States.

MARSH, District Judge.

Petitioner, James Francis Hill, was permitted to file, in forma pauperis, a petition pursuant to § 1443, Title 28 U.S.C.A.,[1] to remove two felony indictments in which he is accused from the Criminal Courts of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania.

The petition avers that Hill is confined to the Medical Center for Federal Prisoners at Springfield, Missouri, serving a federal sentence of 23 years; that he has been in federal custody since November 4, 1952 (for history see Hill v. United States, 6 Cir., 1955, 223 F.2d 699); that on January 6, 1953, the aforesaid indictments were returned by the Grand Jury in Allegheny County, Pennsylvania; that he " * * * cannot enforce in the State Courts of Allegheny County his Civil and Constitutional Rights to a speedy trial * * * his right to due process of law and to equal protection of the laws * * * guaranteed to him by the 6th Amendment and the 14th Amendment to the Constitution of the

---

I. Section 1443 provides:

"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; (2) for any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law. June 25, 1948, c. 646, 62 Stat. 938."

United States." The petition further avers that repeated requests to the District Attorney for a speedy trial have been refused; that the Court of Quarter Sessions of the Peace for the County of Allegheny in 1956 had denied petitioner's motion to dismiss the indictment on the grounds that the petitioner was denied a speedy trial; that the Court of Common Pleas of Allegheny County in 1956 refused to entertain a petition for a writ of habeas corpus, presumably requesting the court to order the petitioner to be produced in Allegheny County for trial on the aforesaid indictment.[2]

The petition prayed " * * * that removal be granted and that all records and proceedings of the State Court be removed to this Court and that petitioner be granted a speedy trial as guaranteed by the 6th Amendment."

The court issued a rule upon the United States Attorney and the District Attorney of Allegheny County to show cause why the prayer of the petition should not be granted.

■ Motions to dismiss, inter alia, on jurisdictional grounds were filed by both prosecutors. We think the motions should be treated as applications to remand. Cf. § 1446, Title 28 U.S.C.A.; State of New Jersey v. Weinberger, D.C. N.J.1930, 38 F.2d 298.

■ In our opinion the court does not have jurisdiction to grant the prayer of the petition, and the criminal prosecution should be remanded to the Criminal Courts of Allegheny County.

The petition itself seems to attack the prosecuting officers and judicial authorities in the County for refusing to initiate proceedings by way of habeas corpus or otherwise to bring petitioner from the Federal Medical Center at Missouri to Allegheny County, Pennsylvania, for trial, and that their refusal has deprived petitioner of his civil rights guaranteed by the Federal Constitution.[3] Assuming, without deciding, that petitioner has been improperly deprived of his right to a speedy trial by the aforesaid county officials not authorized by the constitution or laws of the Commonwealth of Pennsylvania, such deprivation does not constitute grounds for removal under the statute. The statute does not provide for removal for merely erroneous action or decision by individual judicial or administrative officials. Commonwealth of Kentucky v. Powers, 1906, 201 U.S. 1, 26 S.Ct. 387, 50 L.Ed. 633; Hull v. Jackson County Circuit Court, 6 Cir., 1943, 138 F.2d 820; State of New Jersey v. Weinberger, supra; State of Texas v. Dorris, D.C.Tex.1958, 165 F.Supp. 738; 76 C.J.S. Removal of Causes § 94; Vol. 2, Cyclopedia of Federal Procedure, ¶ 3.82.

However, the very thoughtful brief filed by appointed counsel on behalf of petitioner contends that the law of Pennsylvania sanctions the refusal of the prosecuting and judicial authorities of the Commonwealth to yield to petitioner's demands for a speedy trial. 10 P.L. E. Criminal Law § 331; Commonwealth ex rel. Gist v. Banmiller, 1960, 398 Pa. 162, 157 A.2d 166; Commonwealth v. Mitchell, 153 Pa.Super. 582, 34 A.2d 905,

2. It was agreed at argument that petitioner had also applied without success to the Attorney General of Pennsylvania to take action to bring him to Allegheny County for trial.

3. The County authorities are understandably reluctant to stand the considerable expense of transporting and guarding the prisoner to and from Pittsburgh, especially when there is a question of whether the State courts would try the petitioner due to his alleged mental incompetence; if trial were refused on that ground, considerable money would

be wasted. In addition, it is not at all certain that a state writ of habeas corpus ad prosequendam would be honored by the federal prison authorities because of petitioner's mental condition. See medical report of Medical Director, Medical Center for Federal Prisoners, Springfield, Missouri, dated August 26, 1957, attached to Commonwealth's motion to dismiss as Exhibit "A", and see copy of letter of Acting Director of Bureau of Prisons, dated February 19, 1960, presented by the United States Attorney after argument.

affirmed, 1944, 349 Pa. 559, 37 A.2d 443. It is argued that a speedy trial is a right guaranteed by the Fourteenth Amendment and petitioner's right thereto has been violated by the law of the Commonwealth.

Again assuming, without deciding, the validity of this argument, such violation will not authorize a removal where the law of Pennsylvania, as interpreted by its courts countenancing such violation, is applied equally to all citizens of the United States. Since the judicial construction of Pennsylvania's laws does not discriminate against any class of persons, but is applied with equality to all citizens who come before the Pennsylvania courts, it does not deny to petitioner the equal protection of the laws. As stated in 76 C.J.S. Removal of Causes § 94, "in order to authorize a removal under this statute, however, a violation of the equal protection clause of the Fourteenth Amendment must be shown; some equal civil right must be denied, such as a discrimination against a particular race, and the fact that rights guaranteed by the Fourteenth Amendment are violated will not authorize a removal where the procedure adopted by the state authorities is applied equally to all citizens of the United States." See also, Steele v. Superior Court of California, 9 Cir., 1948, 164 F.2d 781, which supports the above quoted interpretation.

As stated in the Steele case, supra, at page 782:

"Nothing appears in the petition for removal, nor is it urged, that appellant, when and if he appears for trial, will be in any different position or denied any right accorded any other citizen of the United States placed in the same position."

See also, State of Texas v. Dorris, supra; State of North Carolina v. Jackson, D.C. N.C.1955, 135 F.Supp. 682.

We express no opinion as to the constitutional rights of petitioner if it happens that he is tried and convicted on the indictments in Allegheny County after his release from federal custody.

We take this opportunity to express our appreciation to Gilbert J. Helwig, Esq., and his associate, for the time, trouble and effort expended pursuant to his appointment as counsel for the petitioner.

An order denying the prayer of the petition and remanding the criminal proceedings to Allegheny County will be entered.