**STATE OF MARYLAND**
v.
David Francis KUREK.
Crim. No. 26657.

United States District Court
D. Maryland.
Sept. 10, 1964.

432

Thomas B. Finan, Atty. Gen. of Maryland, and Robert F. Sweeney, Asst. Atty. Gen., Baltimore, Md., for plaintiff.

David Francis Kurek, pro se.

THOMSEN, Chief Judge.

The defendant (Kurek) has been permitted to file in forma pauperis a "motion to transfer" to this Court under 28 U.S.C. § 1443 [1] a prosecution for forgery pending against him in the Circuit Court for Montgomery County, Maryland. Answering an order to show cause, the State seeks dismissal of the motion. The Court will treat the motion to transfer as a petition to remove, and the State's answer as a motion to remand.

Kurek is now confined in the Federal Penitentiary at Lewisburg, Pennsylvania, serving a sentence of 2 years and 310 days for violation of the Dyer Act, 18 U.S.C. § 2312. He contends that he is being denied a speedy trial in violation of the Sixth Amendment by the refusal of the State's Attorney and the State Court to grant his requests, made in 1963, that steps be taken to bring him from Lewisburg to Montgomery County for trial on the State charges before he completes the term he is now serving in the Federal prison.

The right to a speedy trial afforded by the Sixth Amendment does not apply to criminal prosecutions in State Courts. Gaines v. Washington, 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928); Phillips v. Nash, 7 Cir., 311 F.2d 512 (1962); United States ex rel. Von Cseh v. Fay, E.D.N.Y., 195 F.Supp. 432

---

1. "§ 1443. Civil rights cases

"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

"(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

(1961); Copley v. Sweet, W.D.Mich., 133 F.Supp. 502, aff'd 6 Cir., 234 F.2d 660, cert. den. 352 U.S. 887, 77 S.Ct. 138, 1 L.Ed.2d 91. The Fourteenth Amendment, however, protects a defendant in a criminal proceeding in a State Court when the trial not only is not speedy but has been subject to a delay so unreasonable as to deprive him of due process. See United States ex rel Von Cseh v. Fay, supra; In re Sawyer's Petition, 7 Cir., 229 F.2d 805 (1956), cert. den. Sawyer v. Barczak, 351 U.S. 966, 76 S.Ct. 1025, 100 L.Ed. 1486 (1956).

The right to a speedy trial is also guaranteed by Article 21 of the Maryland Constitution. But it has been held that a constitutional right to a speedy trial is not denied when the delay is due to the fact that the accused is serving a sentence in a Federal prison in another State. See e. g. Kirby v. State, 222 Md. 421, 424, 160 A.2d 786, 788 (1960), cert. den. 364 U.S. 850, 81 S.Ct. 95, 5 L.Ed.2d 74 (1960); McCary v. State of Kansas, 10 Cir., 281 F.2d 185 (1960). The question is apparently left open in the most recent case in the Court of Appeals of Maryland, McCloskey v. Director, 230 Md. 635, at 637, 187 A.2d 833, at 835 (1963). Even when the Federal authorities agree, as a matter of comity, to release or produce a prisoner for trial in a state court, the decisions are not uniform as to whether the state authorities are required to seek such release or production. See Ex parte Schechtel, 103 Colo. 77, 82 P.2d 762, 118 A.L.R. 1032 (1938), and cases cited in 118 A.L.R. 1037; People v. Bryarly, 23 Ill.2d 313, 178 N.E.2d 326 (1961); McCloskey v. Director, supra.

Kurek attacks the prosecuting officers and judicial authorities in the County for failing to take appropriate steps to bring him to trial in the State Court. Assuming, without deciding, that those officials have acted improperly under the applicable Maryland law, and are depriving Kurek of his right to a speedy trial, such deprivation does not constitute grounds for removal under 28 U.S.C. § 1443. That statute does not provide for removal because of erroneous actions or decisions by judicial or administrative officials. Kentucky v. Powers, 201 U.S. 1, 26 S.Ct. 387, 50 L.Ed. 633 (1906); Hill v. Commonwealth of Pennsylvania, W.D.Pa., 183 F.Supp. 126 (1960). Even assuming that the law of Maryland sanctions the refusal of the prosecuting and judicial authorities of the State to yield to Kurek's demands for a speedy trial, and that such refusal amounts to a deprivation of his rights under the Fourteenth Amendment, still, the claimed violation would not authorize a removal under 28 U.S.C. § 1443 unless there is a violation of the *equal protection* clause of the Fourteenth Amendment, such as discrimination against a particular race. The fact that rights guaranteed by the Fourteenth Amendment are violated in the course of a criminal proceeding will not authorize a removal under 28 U.S.C. § 1443 where the procedure adopted by the State authorities is applied equally to all citizens of the United States. Hill v. Commonwealth of Pennsylvania, supra, at p. 129; Steele v. Superior Court, 9 Cir., 164 F.2d 781 (1948); State of Texas v. Dorris, W.D.Tex., 165 F.Supp. 738 (1958); State of North Carolina v. Jackson, M.D.N.C., 135 F.Supp. 682 (1955). In the instant case, as in the Steele case, "[n]othing appears in the petition for removal, nor is it urged, that appellant, when and if he appears for trial, will be in any different position or denied any right accorded any other citizen of the United States placed in the same position." 164 F.2d at 782.

Kurek may raise the point that he has been denied a speedy trial if and when he is brought to trial in the State Court; if he unsuccessfully exhausts his State remedies in connection therewith, he may seek relief by habeas corpus in this Federal Court. Hunt v. Warden, 4 Cir., 335 F.2d 936 (1964); Edmondson v. Warden, 4 Cir., 335 F.2d 608 (1964). This Court neither expresses nor intimates any opinion as to Kurek's constitutional rights, if he is tried and convicted on the indictment in Montgomery

**434**

County after his release from Federal custody.

An order denying the petition for removal and remanding the criminal proceeding to the Circuit Court for Montgomery County will be entered.