**The PEOPLE OF the STATE OF NEW YORK, Appellee,**

v.

**David Crockett HUTCHINSON et al., Defendants-Appellants.**

**No. 312, Docket 29982.**

United States Court of Appeals Second Circuit.

Argued April 5, 1966.

Decided May 18, 1966.

---

Edward F. Gerber, Asst. Dist. Atty., Syracuse, N. Y. (Francis R. Moran, Dist. Atty., and Lucien Ali, Asst. Dist. Atty., Syracuse, N. Y. on the brief), for appellee.

Faith A. Seidenberg, Syracuse, N. Y., James D. Dougherty, New York City (Stephen M. Nagler and Carl Rachlin, New York City, on the brief), for appellants.

Before SMITH and HAYS, Circuit Judges, and CLARIE, District Judge.*

CLARIE, District Judge:

This is an appeal from an order of the United States District Court for the Northern District of New York remanding certain criminal actions in which ⁻the appellants were defendants, to the criminal courts of the State of New York from which they had been removed, pursuant to 28 U.S.C.A. § 1443(1) (2).[1] Jurisdiction of this Court is founded on 28 U.S.C.A. § 1447(d).

---

\* Of the District Court for Connecticut, sitting by designation.

1. "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

The appeal involves approximately thirty defendants who were arrested in and around Syracuse, New York, for offenses, not uniformly applicable to all, which occurred on ten different dates between March 15, 1965 and May 17, 1965, inclusive. They were charged with violating various sections of the New York Penal Law, McKinney's Consol. Laws, c. 40, including § 722 (disorderly conduct); § 2036 (unlawful intrusion on private property); § 1530(4) (public nuisance); and § 242 (assault in the second degree). At the time of their arrests, the defendants were engaged in civil rights demonstrations to protest alleged discriminatory employment policies of the Niagara Mohawk Power Corporation.

As they were arrested and arraigned, varying amounts of bail were set, which the appellants now claim were excessive and discriminatory. One bond was set at $5,500, for a defendant charged with eight separate crimes; four were set at $1,000 each for defendants charged with four separate offenses, and fourteen at $500 each; and according to counsel at the argument of this appeal, some were released without bail. One defendant, a material witness, had bail fixed in the sum of $10,000 to assure his presence in what appears to have been an offense not related to his own.

A petition for removal of the cases to the United States District Court for the Northern District of New York, was filed by the appellants on June 7, 1965, pursuant to 28 U.S.C.A. § 1443(1). It alleged that the state court had set extraordinarily high bail as a punitive measure because they were engaged in civil rights demonstrations and that the appellants had been denied the protection of certain federal rights, including their right to reasonable bail and to equal protection of the laws. It also claimed that the appellants had probable cause for believing that they would be denied or be unable to enforce their rights in the state court; and that the acts of which the appellants were accused were carried out under color of authority of the United States Constitution and the Civil Rights Act which required their protection as afforded by 28 U.S.C.A. § 1443(2).

On August 27, 1965, the District Court remanded the cases to the state courts on the ground that the facts failed to support the allegations in the removal petition and from this order an appeal was filed. The appellants' request to stay all state criminal proceedings pending the outcome of this appeal was denied (Anderson, C. J.). An application was then filed with the United States Supreme Court, 86 S.Ct. 5, 15 L.Ed.2d 53 requesting a stay order enjoining the state prosecution; this was denied by Mr. Justice Harlan on September 20, 1965. The cases proceeded to trial in the state criminal courts during September and October, 1965.

The appellants attack the District Court's remand order, claiming that uniformly high and excessive bail was set for these civil rights demonstrators, which was designed and calculated to discourage and suppress their activities. They claim that it constituted a denial of equal rights and demonstrated that a fair trial could not be had on the merits, in a state court that had set such an exceedingly high bail.

An overall review of the record, however, fails to give substance to their claims. The bail set by the state court was not in fact unreasonable. The Court rejected the strong demands of the prosecutor for substantial bail and considered each case separately. Not only did the bail vary according to the charge or charges against each defendant, but in several instances defendants were released without bond. It is significant to note, that all defendants who desired bail did obtain it. A summary of the final disposition of these cases in the state courts would appear to reveal that there were 23 guilty pleas, 9 findings of guilty, and 3 dismissals.

The appellants are not claiming discrimination because of race, but rather because of their role as civil rights demonstrators. They claim that the bail set

by the court was extraordinarily higher than that typically set in the county for similar statutory offenders not engaged in civil rights demonstrations.

 As the District Court judge rightly observed, the setting of bail is a highly individualized process and does not lend itself to slide rule resolution. There are patently no supporting facts of substance, except the conclusory allegations of the appellants, to warrant this Court's intervening. The action of the state court on the bail issue constituted a proper exercise of discretion and was not motivated by intimidation, coercion, or suppression of legitimate civil rights activities. Nor have the defendants been denied any protected right or been subject to trial on any discriminatory or unfounded prosecution; nor is there any substance to their claim that any of them have or will be unable to enforce any procedural rights in the state court. The removal authority of 28 U.S.C.A. § 1443(1) is therefore not applicable. See Peacock v. City of Greenwood, 347 F.2d 679 (5th Cir. 1965); Steele v. Superior Court, 164 F.2d 781 (9th Cir. 1948); Rachel v. State of Georgia, 342 F.2d 336 (5th Cir. 1965).

 Prosecution for violation of the criminal laws of a state, during the conduct of civil rights demonstrations, does not afford the right of removal to Federal Courts in the absence of a federal law authorizing the conduct complained of. In People of State of New York v. Galamison, 342 F.2d 255, 264 (2d Cir. 1965), this Court held that "A private person claiming the benefit of § 1443 (2) * * * must point to some law that directs or encourages him to act in a certain manner, not merely to a generalized constitutional provision that will give him a defense * * *."

Appellants have pointed to no such law nor have they indicated how they are denied "a right under any law providing for the equal civil rights of citizens," 28 U.S.C.A. § 1443(1).

We find no error. The order of the District Court is affirmed.