**Stewart SAUNDERS, Jr., Appellant,**

**v.**

**J. D. COX, etc., Appellee.**

**No. 71–1713.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 3, 1972.

Decided Dec. 11, 1972.

Paul G. Turner, Richmond, Va. (Court-appointed counsel), [Louis F. Ryan, Third Year Law Student, and Christian, Barton, Parker, Epps & Brent, Richmond, Va., on brief], for appellant.

Burnett Miller, III, Asst. Atty. Gen. of Virginia (Andrew P. Miller, Atty. Gen. of Virginia, on brief), for appellee.

Before WINTER, BUTZNER, and RUSSELL, Circuit Judges.

PER CURIAM:

We granted a certificate of probable cause to review the correctness of the district court's denial of a writ of habeas corpus. In addition to the issues decided by the district court (principally those raised by a reconstruction hearing under Kemplen v. Maryland, 428 F.2d 169 (4 Cir. 1970)), we invited counsel to brief and argue the question of whether the imposition of an aggregate sentence of eighty years upon a seventeen-year-old defendant following his pleas of guilty to three charges of robbery was constitutionally excessive under the facts of this case.

Our review of the record satisfies us that there was no error in the district court's disposition of the issues before it. We conclude that the question of the constitutional validity of the sentence is not properly before us because of a failure to exhaust state remedies.

The statute under which Saunders was convicted, Va.Code Ann. § 18.1–90 (1950), permitted imposition of the death sentence, confinement for life or confinement for any term of not less than five years. He was sentenced to two terms of twenty years and one term of forty years, the sentences to be served consecutively. He has not raised the constitutionality of his sentences in the state courts; nor did he raise it in the district court. Because the sentences were within the limits fixed by statute, Saunders argues that he should be excused from the requirement of exhaustion of state remedies because the Virginia courts have consistently declined to review sentences which do not exceed the maximum permitted by law. Satterwhite v. Commonwealth, 201 Va. 478, 111 S.E.2d 820 (1960); McCann v. Commonwealth, 174 Va. 429, 4 S.E.2d 768 (1939); Messer No. 2 v. Commonwealth, 145 Va. 872, 134 S.E. 565 (1926); Hart v. Commonwealth, 131 Va. 726, 109 S.E. 582 (1921).

While the general Virginia rule against review of sentences is not disputed, there are present in this case factors not apparently present or considered in previous Virginia decisions. Saunders was proceeded against as an adult after a waiver of juvenile jurisdiction. The waiver was effected notwithstanding that the juvenile authorities recommended that it not be granted and that Saunders be retained in the Adolescent Unit of a state hospital for further treatment. Even if prosecuted as an adult, Saunders was eligible for sentencing as a juvenile, Va.Code Ann. § 16.1–177 (1950); instead he received what appears to have been an inordinately harsh sentence, even when considered in the light of the gravity of the offenses. Although the trial judge advised the juvenile authorities that he would consider their recommendation after Saunders' guilt or innocence had been determined, no further consideration of the

736

recommendation seems to have been given. At least no reason for rejecting it was articulated. Saunders tenders proof of the sentences imposed on other juveniles and adults found guilty of similar, as well as other, crimes which, he argues, brings him within the holdings of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) and Ralph v. Warden, Maryland Penitentiary, 438 F.2d 786 (4 Cir. 1970) cert. den. 408 U.S. 942, 92 S.Ct. 2869, 33 L.Ed.2d 766 (1972). This proof requires testing by the adversary process.

In short, we do not read previous Virginia decisions as necessarily foreclosing Saunders' claim of a violation of the eighth amendment in this case, and we conclude that that claim should be initially litigated in the courts of Virginia. Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Slayton v. Smith, 404 U.S. 53, 92 S.Ct. 174, 30 L. Ed.2d 209 (1971).

We therefore affirm the district court's dismissal of Saunders' petition, but we do so without prejudice to his right to seek further relief, if need be, after he has exhausted his state remedies.

Affirmed.