Frank H. FIELDS, Petitioner,

v.

Joe MARTIN, Warden, and the Attorney General of the State of South Carolina, Respondents.

Civ. A. No. 73-1679.

United States District Court, D. South Carolina, Columbia Division.

March 26, 1974.

Frank H. Fields, Jr., pro se.

Daniel R. McLeod, Atty. Gen. of S. C., Columbia, S. C., ·Emmet H. Clair, and Robert M. Ariail, Asst. Attys. Gen., Columbia, S. C., for respondents.

## ORDER

HEMPHILL, District Judge.

Petitioner, presently in residence at the Central Correctional Institution of South Carolina (formerly the South Carolina State Penitentiary), attacks charges which he admits are no longer pending against him. His petition was

filed·in this court December 18, 1973, and, on the same day the United States Magistrate, by order, allowed him to proceed *in forma pauperis.* On March 20, 1974, the file was forwarded to this member of the court.

Petitioner was indicted on separate indictments for armed robbery during the September, 1972, term of the General Sessions Court for Charleston County, South Carolina. Represented by able court appointed counsel, he entered a plea of guilty to the charge of armed robbery [1] contained in one of the indictments. The Honorable Francis B. Nicholson, then presiding judge, sentenced Fields to confinement for a period of twenty-one (21) years. The remaining indictments were thereupon "stricken from the docket with leave to restore".[2] It is this latter action that Fields complains of, his petition stating it thusly:

* * * I demand to be tried on the pending charges, or dismiss all pending charges against me.

The return alleges that the petition should be dismissed, that "Petitioner has had all of his claims denied in the state court". However, it is not at all clear that such is the case. Attached to the return are copies of various items that reflect efforts by Fields to seek relief in the state courts, but either the attachments are not a complete record, or else Fields has submitted a request for habeas corpus relief that has not been acted upon by the Court of Common Pleas for Charleston County.

The attachments to the return reflect that Fields submitted an Application for Post-Conviction Relief on or about October 31, 1972. This Application made no mention of denial of a speedy trial, and it apparently related to the conviction of Fields on the guilty plea accepted by

1. Section 16–333, S.C.Code, 1962, anno. provides: Robbery while armed with deadly weapon.
  Any person convicted for the crime of robbery while armed with a pistol, dirk, slingshot, metal knuckles, razor or other deadly weapon shall suffer punishment by imprison-

ment at hard labor for a term of not exceeding twenty-five years, in the discretion of the presiding judge.

2. This was accomplished upon motion of the prosecuting officer, without objection, and ordered by the presiding judge.

Judge Nicholson on September 20, 1972.[3] Then, sometime after June 8, 1973 (the date of verification), Fields sent a Motion for a Writ of Habeas Corpus to the court. The State attached this motion and its reply to its return.[4] There is no indication that Judge Singletary, or any other Circuit Judge of South Carolina, acted upon this motion that dealt solely with the petitioner's request for a speedy trial.[5] Then, Fields apparently requested the court to provide him with a transcript of his trial. No copy of the request is submitted to the court, but attached to the return is a copy of an Order of Judge Singletary denying the request for a transcript on January 19, 1974.

Petitioner then filed his reply with this court on February 21, 1974. He concedes that he "does not complain of any detainer or hold against him. . . . " However, he insists that the state must afford him a speedy trial rather than to leave him exposed to prosecution at the discretion of the state.

The immediate issue presented by the petition is one of jurisdiction. If Fields is presently serving a valid sentence for the offense he has admitted committing, and if there is no showing by him that he is under any handicap that exists because of the pending indictments, other than the "threat" of another prosecution, it is difficult to conceive of how Fields can be "a person in custody pursuant to the judgment of a State court,"[6] as "custody" is used in the federal statutes conferring jurisdiction upon District Courts in habeas actions on behalf of state prisoners. Fields is asking this court to assume jurisdiction over a matter that has not only been acted upon by a court of South Carolina, but is not pending litigation, and whether or not a response has been made to this state application for habeas relief, it appears to be inappropriate for this court to have to act upon his claim until a South Carolina court has ruled on the question.[7]

The South Carolina Constitution and the United States Constitution

3. The application was patently incomplete, and the Honorable Clarence E. Singletary dismissed it by his Order dated February 8, 1973 (filed in the General Sessions Journal.) The Application also appears to be erroneous in one particular. Fields checked item 5(b), indicating that after a plea of not guilty, "They found me guilty." All other pleadings reflect that Fields pleaded guilty.

4. The reply was captioned in the Court of General Sessions rather than Common Pleas.

5. The prayer of the pro se motion requested the dismissal of "all charges pending against your petitioner". The reply of the Solicitor for the Ninth Circuit is dated July 9, 1973. It asserts that it is in reply to the Application for Post-Conviction Relief, but that Application, as the reply noted, had been denied by Judge Singletary five months earlier. The reply then stated that the court should leave a determination of the speedy trial issues raised in the habeas petition to the court "before which the indictment might be presented at some future date". The reply then asked for dismissal of the "Application for Post Conviction Relief."

6. 28 U.S.C. § 2254(b) provides remedy as follows: State custody; remedies in Federal courts

An application for a writ of habeas corpus in behalf of a person in custody pursuant to

the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner. (Emphasis added.)

7. Although the exhaustion doctrine is consistently stated to be based upon considerations of comity and is not a limitation upon jurisdiction, the exhaustion of state remedies is being strongly advocated by the controlling authorities. See Slayton v. Smith, 404 U.S. 53, 92 S.Ct. 174, 30 L.Ed.2d 209 (1971) ; Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) ; Saunders v. Cox, 470 F.2d 734 (4th Cir. 1972). The doctrine is peculiarly applicable in a case such as this where the court is asked to rule on a constitutional question that is presented in the abstract. Fields alleges no restraint of any type imposed upon him by the threat of further prosecution, as already observed, and there is no suggestion in the record that the removal of the additional indictments from the docket had any bearing at all upon his guilty plea. Cf. Lassiter v. Turner, 423 F.2d 897 (4th Cir. 1970).

grant one charged with a crime in South Carolina the right to a speedy trial.[8] If Fields should be brought to trial on one of the stricken indictments, he will have the right to bring up the speedy trial issue. If the question is decided adversely to him there, he can appeal it to the South Carolina Supreme Court. He can then seek relief under the federal habeas corpus statute if his state remedies prove to be unproductive. Manson v. Pitchess, 317 F.Supp. 816, 824–826 (C. D.Cal.1970). In State of Maryland v. Kurek, 233 F.Supp. 431 (D.Md.1964), a federal prisoner sought in the United States District Court to require Maryland to bring him to trial on forgery charges pending against him. Chief Judge Thomsen wrote:

> Kurek may raise the point that he has been denied a speedy trial if and when he is brought to trial in the State Court; if he unsuccessfully exhausts his State remedies in connection therewith, he may seek relief by habeas corpus in this Federal Court . . . .[9] Id., at 433.

The present record is unclear as to the status of postconviction relief, if any, pursued by petitioner at state level.[10] If he has a pending action on the questions sought to be litigated here, the state should act. If he does not, he presumably could file at this time.[11] If denied due process, he could return to this court upon a showing that he has exhausted the remedies available in the courts of this state. Fields is not in custody under the indictments he complains about, and has two clear avenues of state procedure available to him that he has not effectively pursued.[12]

For the reasons above set forth the petition is denied.

And it is so ordered.

8. Art. I, § 14, South Carolina Constitution, and, among numerous federal cases, Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). Indeed, the Klopfer case criticizes by implication the type of procedure apparently employed here by the Solicitor in striking indictments from the docket with leave to restore later. The application of Klopfer, if ever prosecution is preferred against petitioner, would be interesting. In that case, prosecution had continued the case twice. If the prosecution is ever instituted here, petitioner can plead the Sixth Amendment to the United States Constitution and the provisions of the South Carolina State Constitution. Certainly no court could ignore the delay which is obvious here. But this court cannot rule on litigation not before it, as the charges are not pending. In Klopfer the appeal was from a ruling on *then* pending litigation. Here, eighteen months after the charges have been dismissed, petitioner asks a ruling from this court thereabout.

9. See also Kane v. State of Virginia, 419 F. 2d 1369, 1373 (4th Cir. 1970), which suggests that Fields here should move in General Sessions Court for speedy trial, or alternative dismissal, before he has exhausted his South Carolina remedies as required by 28 U.S.C. 2254; Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970);

Pitts v. State of North Carolina, 267 F. Supp. 870 (M.D.N.C.1969); Beasley v. Pitchess, 358 F.2d 706 (9th Cir. 1966); and concurring opinion of Judge Friendly in United States ex rel. Frizer v. McMann, 437 F.2d 1312, 1318 (2d Cir. 1971), cert. denied, 402 U.S. 1010, 91 S.Ct. 2196, 29 L.Ed.2d 433.

10. South Carolina, in 1969, adopted the Uniform *Post-Conviction Procedure Act*. Sec. 17–601 et seq., S.C.Code 1962, Anno.

11. This case is not well pleaded by the respondents, and for this reason a decision by this court is made more difficult. It would have been far better if the State court had acted upon Fields' petition for habeas relief by treating it as a motion to dismiss the pending indictments. The present posture of his case creates the appearance that his State remedy is ineffective because his petition has been ignored by Judge Singletary and the Circuit Solicitor. However, he has raised the issue of a speedy trial, and if an attempt is made to try him, he can show that he has not waived his right, and if he can show prejudice by the delay he will most probably prevail. See Barker v. Wingo, 407 U.S. 514, 526, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

12. See note 6, supra.