## GAINES *v.* WASHINGTON.

No. 841.   Submitted April 23, 1928.—Decided May 14, 1928.

*Messrs. W. P. Guthrie, G. E. M. Pratt,* and *Howard T. Ballard* were on the brief for plaintiff in error.

*Mr. Ewing D. Colvin* was on the brief for defendant in error.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

The defendant was charged by information with the crime of murder in the first degree in the Superior Court of King County in the State of Washington. The trial resulted in a verdict of guilty as charged and a finding by the jury that the death penalty should be inflicted. Motions for a new trial and in arrest of judgment were made and overruled, and the judgment was entered upon the verdict.

The defendant appealed to the Supreme Court of the State. That court, after a consideration of the errors claimed to have been committed on the trial, affirmed the judgment and sentence. Final judgment was entered January 18, 1928. On February 6, 1928, a petition for a writ of error from this Court was presented to the Chief

Justice of the Supreme Court of the State. He allowed the writ and it was accordingly issued. In accordance with our practice, the Clerk brought to the attention of the Court the fact that this was a criminal case and was, therefore, to be expedited. An examination of the assignments of error and the record disclosed that the writ of error was improvidently allowed. The only law under which such a writ of error would lie was Section 237(a) of the Judicial Code, as amended by the Act of February 13, 1925 (c. 229, 43 Stat. 936, 937), which reads as follows:

"A final judgment or decree in any suit in the highest court of a State in which a decision in the suit could be had, where is drawn in question the validity of a treaty or statute of the United States, and the decision is against its validity; or where there is drawn in question the validity of a statute of any State, on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, and the decision is in favor of its validity, may be reviewed by the Supreme Court upon a writ of error."

The record and the assignments of error do not show that there was here drawn in question the validity of a treaty or statute of the United States, or the validity of a statute of the State of Washington on the ground of its being repugnant to the Constitution, treaties or laws of the United States. It followed that the writ of error would have to be dismissed. Thereupon the Court entered, March 19, 1928, a rule against the plaintiff in error, Wallace C. Gaines, to show cause before this Court on April 23rd, why, treating the writ of error inadvertently allowed in this cause as a petition for writ of certiorari herein, certiorari should not be denied for lack of a substantial federal question in the record giving this Court jurisdiction.

The order to show cause was issued in view of Section 237(c) of the Code of Judicial Procedure, as amended by

the Act of February 13, 1925 (c. 229, 43 Stat. 936, 938). That paragraph is as follows:

" If a writ of error be improvidently sought and allowed under this section in a case where the proper mode of invoking a review is by a petition for certiorari, this alone shall not be a ground for dismissal; but the papers whereon the writ of error .was allowed shall be regarded and acted on as a petition for certiorari and as if duly pre-- sented to the Supreme Court at the time they were presented to the court or judge by whom the writ of error was allowed: *Provided,* That where in such a case there appears to be no reasonable ground for granting a petition for certiorari it shall be competent for the Supreme Court to adjudge to the respondent reasonable damages for his delay, and single or double costs, as provided in section 1010 of the Revised Statutes."

In obedience to the rule, the petitioner, Wallace C. Gaines, has filed a return in which he avers that the first federal question upon which he asks a writ of certiorari arises because of the action of the trial judge, as shown by the record as follows:

"At the close of the afternoon session on the ninth day of the trial, to wit, August 11th, Judge Jones, the trial judge, said:

" Before adjourning, I will state that the atmosphere is pretty unbearable. I know the jury must also feel it. I assume there is a certain part of the members of the Bar who from the standpoint of students desire to hear the testimony, but with those exceptions, court officers and members of the Bar, the general public will be excluded beginning tomorrow."

This action, the return alleges, was a violation of the Sixth Amendment to the Constitution of the United States, and of the due process clause of the Fourteenth Amendment to the same Constitution, and that this error

was duly urged in the trial court and the State Supreme Court, on both grounds.

The Sixth Amendment to the Constitution provides in part that " In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury of the state and district wherein the crime shall have been committed." Many state constitutions contain a substantially similiar guaranty and restriction. The question what constitutes a public trial the right to which is thus guaranteed and what discretion a court may exercise in limiting the audience and spectators is one upon which the cases differ. Two views are given in *Reagan* v. *United States*, 202 Fed. 488 and *Davis* v. *United States*, 247 Fed. 394, in both of which many state cases are cited. According to some of them, the order complained of here would be regarded as erroneous, while in others it would be held to be within the judicial discretion of the court.

But we are relieved from considering or reconciling the different views taken in these cases by the fact that the Sixth Amendment to the Federal Constitution does not apply to the trial of criminal prosecutions by a State. It has been well settled for years that the first ten Amendments apply only to the procedure and trial of causes in the federal courts and are not limitations upon those in state courts. *Spies* v. *Illinois*, 123 U. S. 131, 166, and cases cited.

It is contended, however, that due process of law exacted in the Fourteenth Amendment in causes tried in state courts must be construed as equivalent to the Sixth Amendment in federal trials. The question has not arisen in any case cited to us. It would involve a consideration of whether due process requires more than a trial that is not private or secret, or whether due process would not be satisfied except by such a restriction upon the discretion of the court in regulating attendance as the defend-

ant here insists upon and as is held in some of the authorities cited above in enforcing the Sixth Amendment and similar constitutional provisions of an affirmative character. But we need not pass on that question now.

For even if the due process clause requires the same kind of public trial as that contended for by the petitioner, the record does not disclose facts which would justify us in bringing the case before us for our review. The order of the court complained of was oral only. No formal order was entered, neither was there a minute entry nor a specific mention to any particular officer to see that it was executed so far as the record discloses. The State before the Supreme Court contended that the order to exclude the general public was never executed. This was an issue of fact before both Washington courts. After the fullest examination of affidavits filed by both sides upon the motion for a new trial the State Supreme Court's conclusion was as follows:

" Believing that the statement of the Court was not carried out but that the general public were admitted to the courtroom to the extent of its seating capacity during the trial, the rights of the appellant as guaranteed by the constitution of this state and by the Fourteenth Amendment to the Constitution of the United States were not invaded."

From an examination of the record, we find no reason for rejecting this conclusion of fact reached by the unanimous judgment of that court.

Another question raised on behalf of the defendant concerns the filing of the information for murder by the prosecuting attorney. Prosecution by information instead of by indictment is provided for by the laws of Washington. This is not a violation of the Federal Constitution. *Hurtado* v. *California,* 110 U. S. 516. Some objection is made to the filing of the information because made pend-

ing the investigation by the coroner and because the prosecuting attorney was in " a rage." The law of Washington prescribes no connection between the two inquiries. The objection is frivolous.

Then it is contended that the defendant was not personally present or was not in a place where he could hear the evidence. There is nothing in the record of the proceedings of the trial to support such a claim. No objection or exception was taken during the trial on this ground. It is based on affidavits filed in the case after the State Supreme Court had affirmed the conviction. This was much too late. *Frank* v. *Mangum,* 237 U. S. 309, 340.

A contention is also made that the presence of defendant at all times at the trial was not affirmatively shown by the record. The record was not well made up, but it contains daily entries showing " all parties and counsel present " during the trial. This certainly complies with due process of law required by the Fourteenth Amendment.

All the other objections said to involve federal questions are equally frivolous. Nothing in the record warrants us in granting a writ of certiorari.

It has not been the practice of the Court to write opinions and state its reasons for denying writs of certiorari, and this opinion is not to be regarded as indicating an intention to adopt that practice, but in view of the fact that the Court has deemed it wise to initiate a practice for speedily disposing of criminal cases in which there is no real basis for jurisdiction in this Court, it was thought proper to make an exception here, not to be repeated, and write an opinion.

The character of the case is such that we should proceed under Rule 31, as amended May 2, 1927 (274 U. S. 766), and shorten the time for issuing the mandate as provided therein and order that the mandate and notice of the rul-

ing herein be issued forthwith to the Supreme Court of the State of Washington for further proceeding.

The order will be entered dismissing the writ of error and denying the application for a certiorari.

*Writ of error dismissed.   Certiorari denied.*