[Crim. No. 4498.   Second Dist., Div. One.   Jan. 11, 1951.]

THE PEOPLE, Respondent, v. HENRY J. THWAITS,
Appellant.

Clifton A. Hix for Appellant.

Fred N. Howser, Attorney General, and Norman H. Sokolow,
Deputy Attorney General, for Respondent.

DRAPEAU, J.—This is a companion case to *People* v. *Darcy, ante,* p. 665 [226 P.2d 53], decided this day. Henry J. Thwaits, the defendant in this case, was Darcy's companion in the kidnapping and robbery of the proprietor and patrons of the Belmont Café. For a more complete recital of the facts of that occurrence reference is made to the opinion in the Darcy case.

This defendant, Thwaits, ran from the café with Darcy. He was seen by the preacher who gave Darcy's automobile license number to the police.

Thwaits owned a cream-colored Buick automobile, with prominent air horns on each fender. This car was seen cruising around when Darcy was captured, with a man and a woman in the front seat. Later an officer who was standing in the shadows near Darcy's home saw the same car drive slowly by, again with a man and a woman in the front seat.

Thwaits disappeared and was not seen or heard of until October 8, 1949, when he, with two other men, robbed the Don Hotel in Wilmington. On this occasion he took no pains to conceal his identity, and was recognized by a bellman, a porter, and the night clerk. He had lived at that hotel for a number of months, and knew all of these men.

He intimidated the night clerk with an automatic; made him lie down on his face, and then had him open the safe. He took several hundred dollars in cash, and valuables of guests.

He was captured by agents of the FBI in Omaha, November 16, 1949, and returned to Los Angeles for trial. Darcy was tried alone, and was convicted shortly after Thwaits was brought back.

The district attorney charged Thwaits with six counts: First, kidnapping of the restaurant man and his friend, Mr. Simonsen; second, robbery of the restaurant man; third, robbery of Mr. Simonsen; fourth, robbery of Ada M. Fox; fifth, robbery of Mary Bigler; and sixth, robbery of Shelby Reed, clerk of the Don Hotel.

He was convicted on all six counts, the robberies fixed at first degree; sentenced to the penitentiary for life, without parole, on the kidnapping charge; and for the terms prescribed by law on the other counts, all to run concurrently.

From the first five of these judgments, and from an order denying a new trial, defendant appeals. No appeal was taken from the judgment on the sixth count, robbery of the hotel clerk.

Before taking up the grounds of appeal, similarities and differences in the proof in this and in the Darcy trial should be noted.

Thwaits had no felony record.

The restaurant man died before Thwaits was brought to trial. So, in this case, his testimony was not before the jury. Therefore, the evidence of asportation and torture of the old man was not as complete as in the Darcy case.

The evidence in this case was that Thwaits first hit the old man with his automatic. Later he took him, bleeding, out of the restroom, and after five or six minutes, brought him back. Witnesses heard someone walking around upstairs, but were unable to say what Thwaits did to the old man while he had him out of the restroom.

In this case, Mr. Simonsen and the two ladies whose purses were taken identified Thwaits and told of his brutality in striking Mr. Simonsen and the restaurant man.

Thwaits admitted he owned the cream-colored Buick. So the evidence of its cruising about the scene of Darcy's capture and past his home was pertinent.

Thwaits admitted that he fled Los Angeles County, abandoned his automobile, and hid from the authorities until he was captured in Omaha.

He admitted ownership of an automatic pistol which was found in his car in Omaha, and that he had owned the same gun when the crimes for which he was tried were committed.

He denied being present at all in the Belmont Café. He just said he wasn't there.

He admitted the robbery of the Don Hotel, but denied that he was armed. He said he left his automatic home for that occasion.

Counsel for defendant (who was appointed by the court and served without compensation for weeks) urges most strongly that Penal Code, section 209, does not apply to the facts in this case. In his brief he quotes at length from the dissenting opinion of Mr. Justice Edmonds of our Supreme Court in the case of *People* v. *Knowles,* 35 Cal.2d 175 [217 P.2d 1].

However, the decision in the Knowles case is binding upon this court. Any reconsideration of the rules set forth in that case must be by the Supreme Court.

In *People* v. *Knowles* defendants took the men whom they robbed from one room to another, and inflicted bodily harm upon one of them. In this case defendant took three men

and two women from one room to another, and assaulted at least two of the men. Also he took the restaurant man out of the restroom and upstairs.

Counsel for defendant suggests that the identification of Thwaits was insufficient; and that, this being a capital case, the charge should have been presented by indictment, rather than by information.

The record in this case has been carefully read, as in the Darcy case, and amply supports the verdicts of the jury.

In the prosecution of criminal cases information is an alternate remedy. Due process of law does not require grand jury indictment. (Pen. Code, §§ 682, 888; *Hurtado* v. *People of California,* 110 U.S. 516 [4 S.Ct. 111, 292, 28 L.Ed. 232]; *Gaines* v. *State of Washington,* 277 U.S. 81 [48 S.Ct. 468, 72 L.Ed. 793]; *People* v. *Raffington,* 98 Cal. App.2d 455 [220 P.2d 967].)

Of course, the rule in the Knowles case as to judgments will be followed, and the judgments as to Counts 2 and 3 reversed.

The judgment imposed upon the defendant for kidnapping for the purpose of robbery, while armed, and with violence, as charged in Count 1 of the information, defendant to be punished by imprisonment in the state prison for the term of his natural life, without possibility of parole, is affirmed; the judgment of conviction for robbery of George B. Speropoulos, as charged in Count 2 of the information, is reversed; the judgment of conviction for robbery of Arnfin Simonsen, as charged in Count 3 of the information, is reversed; the judgment of conviction for robbery of Ada M. Fox, as charged in Count 4 of the information, is affirmed; the judgment of conviction for robbery of Mary Bigler, as charged in Count 5 of the information, is affirmed. The orders denying motions for new trial are affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied January 22, 1951, and appellant's petition for a hearing by the Supreme Court was denied February 8, 1951. Edmonds, J., and Carter, J., voted for a hearing.