UNITED STATES of America ex rel. Anthony BRUNO, Petitioner,

v.

Ross E. HEROLD, M.D., Director of Dannemora State Hospital, Dannemora, New York, Respondent.

Civ. No. 10155.

United States District Court N. D. New York.

Sept. 11, 1964.

Anthony Bruno, pro se.

Edward S. Silver, Dist. Atty., Kings County, Brooklyn, N. Y., William I. Siegel, Asst. Dist. Atty., of counsel, for United States.

Louis J. Lefkowitz, Atty. Gen. State of New York, Albany, N. Y., Joseph R. Castellani, Asst. Atty. Gen., of counsel, for respondent.

JAMES T. FOLEY, Chief Judge.

This habeas corpus proceeding presents one of the serious problems that quite often are spawned in Kings County Court in the City of Brooklyn during a state criminal trial held many years ago. Such problems wend their course through the State appellate courts, at times, as happened with this one through a double round of state review, to reach this District Court in upstate New York with full intensity. This statement is not meant to infer that habeas corpus in this District Court is a seasonal burden. It has been my experience for many months that some phase of the numerous habeas corpus proceedings filed in this District by State prisoners—mostly convicted in the New York City and Brooklyn areas—is a daily task, Winter, Summer, Spring and Fall, week in and week out of a seven-day week. There is little planning that can be done to lay aside this type problem so as not to interfere with other work of the Court. State prisoners are demanding litigants, and rightly so because they are confined in jail, and the federal habeas corpus statute dictates by its plain wording quick processing and hearing and summary disposition by the District Judge at his level. Under such statutory compulsion, with brief time limitations for processing, the problems of other litigants must await the analysis and solution of habeas corpus applications that must be accorded preferential treatment by the terms of the federal statute.

The petitioner has been an inmate of Dannemora State Hospital since 1952. This institution is for the treatment of prisoners who become mentally disturbed during their imprisonment. In the present application the petitioner has presented his cause directly and in reply clearly and intelligently. I have already written one decision dated May 7, 1964, in which I denied a previous application by this petitioner without prejudice. Most of the details concerning the conviction of petitioner after trial in September 1947 in Kings County and the appellate review by direct appeal, and after coram nobis application denied without hearing by Judge Leibowitz on October 9, 1963, are contained therein. It can now be added that the citation of the coram nobis appeal is 20 A.D.2d 852, 249 N.Y.S.2d 406, which is a one-line note affirming the denial of Judge Leibowitz. The present petition states that after my dismissal in May 1964, Judge Burke of the New York Court of Appeals denied leave to appeal to that Court on June 1, 1964.

Upon the filing of the present petition, I issued an order to show cause, and Assistant District Attorney Siegel of the District Attorney's Office of Kings County, involved in many of the noted federal habeas corpus rulings of recent years,

filed an affidavit in opposition. The position of the State is still a formal one as in the State Courts, and there is still no enlightenment or reason given for the unusual occurrence that after two witnesses were sworn the Trial Judge stated: "I think I will clear the courtroom. Have everybody step out except the people in the jury box." The State does not dispute that this occurred and the petitioner, on page 4 of his traverse, elaborates with the statement that his mother, friends, witnesses, the public and reporters were "herded" out of the courtroom for the duration of the trial and only two plainsclothesmen allowed to remain.

This ruling of exclusion by the Trial Judge was not objected to by trial counsel when made, nor was the point raised and presented upon direct appeal. It was not until the coram nobis application was made to Judge Leibowitz in 1963 that the claim was made deprivation of a public trial violated fundamental and substantial rights. In this collateral proceeding, although nothing has been written by the Courts of New York, it seems that the prosecution viewpoint prevailed, namely, that inasmuch as the simple oral statement of exclusion appears on the record of the trial then, under settled law of New York, the point had to be raised on direct appeal, and coram nobis would not lie.

The opposition affidavit here earnestly seeks, in effect, the adoption of the State reasoning in this federal habeas corpus field which has expanded markedly in its supervision of and intrusion into state criminal convictions. It is contended that Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, is sui generis and was decided by the majority on the basis of its specific and peculiar facts. I am not sure at all of this characterization and interpretation because, as the dissents point up, the majority ruling in several aspects is an abrupt break with the past, and Justice Harlan described the majority ruling as one with future consequences, as disquieting as any decision rendered in a long time. (Pg. 448, 83 S.Ct.

pg. 853). Failure to comply with state procedural sanctions, a necessary discipline to insure the orderly procedure of law in every court system, is in my judgment practically extinguished as a reason for refusal to entertain federal habeas corpus by the detailed and significant majority holding in Noia. (Pg. 398, 83 S.Ct. pg. 826, see also Harlan dissent pg. 436, 83 S.Ct. pg. 847.) The Assistant District Attorney poses as the crux of the question here: "May every defendant in a State Court refrain from presenting a question of law or fact, or both, to the appellate courts of his own State, and then, for the first time, raise it in a Federal Court in a habeas corpus proceeding? More specifically: May such defendants follow this course of procedure when there has been no objection taken at the trial level?" It is immediately and confidently asserted in the affidavit that New York submits the answer is clearly in the negative, stating that Fay v. Noia, supra, explicitly so holds. There is no reference made to any explicit portion of the Noia majority opinion written by Justice Brennan for such version.

Although I do not intend to write an essay on the subject, I cannot agree that the Noia opinion and ruling is one of narrow range that would cover only habeas corpus applications based upon facts that fit or at least resemble the Noia mold. Noia is, on its face, an extensive ruling of great range with ramification still to be measured and weighed by the federal and state court systems in their combination review of alleged federal questions arising in state criminal convictions. It should be appreciated that Fay v. Noia, supra, and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770, are profound changes from the past in relation to the *power* of federal courts to entertain federal habeas corpus and their duty to do so without regard to State procedural omissions and sanctions that previously were considered as absolute bar to federal habeas corpus relief. An excellent breakdown review of these two important rulings is contained in the American Bar Association

Journal, Vol. 49, July 1963, pgs. 689–691. It is emphasized in the review of Noia that three new rules were announced thereby governing the issuance of habeas corpus writs. Summarizing the review, analysis and conclusions, (1) federal courts have *power* to grant relief in spite of applicant's failure to have pursued a state remedy not available to him *at the time* he applied for federal habeas corpus. The doctrine of exhaustion of state remedies was a matter of comity, not constitutional requirement, and the habeas corpus jurisdiction is conferred by the allegation of unconstitutional restraint and cannot be defeated by anything that may occur in state proceedings; (2) Section 2254, Title 28 U.S.C. was limited in application to failure to exhaust state remedies open to applicant at the time he files for habeas corpus in federal court. In this respect, federal judges have a discretion to deny relief if they find after hearing, or in some other manner, facts that would indicate an applicant has deliberately bypassed the "orderly procedure" of the state courts. My own viewpoint and opinion that should be inserted here is that it will be most difficult to find in the human pattern a bypass surrounded by more deliberation than the decision of Noia and his competent attorney after I am sure agonizing appraisal to forego appeal; (3) Noia's failure to appeal was not an intelligent and understanding waiver of his rights that would have justified withholding of federal habeas corpus relief. On this point I now emphasize sentences that to me predict it will seldom happen a waiver of constitutional right or privilege by a defendant will exist in a state criminal trial to bar federal habeas corpus relief. The sentences are at page 439 of 372 U.S., at page 849 of 83 S.Ct. of the Noia opinion: "A choice made by counsel not participated in by the petitioner does not automatically bar relief. Nor does a state court's finding of waiver bar independent determination of the question by the federal courts on habeas, for waiver affecting federal rights in a federal question." (See also pages 470–472, of 372 U.S.,

pages 865–866 of 83 S.Ct., Harlan dissent). This may mean to carry it to reasonable conclusion that waiver may only be found, if then, in a situation where it is shown the defense attorney and defendant discussed fully the legal position to be taken by the lawyer on the particular question that may have federal constitutional overtones. As a fact of life, anyone experienced in criminal trials knows the defendant in most instances puts his faith completely in the hands of his attorney in decisions of this kind at a trial before a jury, and the defendant and his attorney have little discussion on such ponderous constitutional problems.

This review and comment has been made to state for the record the tremendous change in federal habeas corpus proceedings caused by the new concepts of the Noia and Townsend rulings of which this Court is fully aware, by the great influx of habeas corpus applications. My answer to the questions posed here by the Assistant District Attorney would require affirmative answer with the very limited qualifications outlined above that would bar automatically federal habeas corpus relief on a question of federal substance sought by a state prisoner. The barriers erected and maintained in place for many years have been set aside. Unfortunate as it may be for the District Judges on the front line, particularly the few where large numbers of state prisoners are confined in their Districts, it must be accepted that the use of federal habeas corpus for review and inquiry into alleged federal questions in state criminal convictions is practically unrestricted and unhampered by time limitations or State sanctions. In the recent ruling, Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, again one that will have the most serious consequences for New York, this interpretation of Noia is reiterated. (Fn. 1.) In contrast to the contention here that Noia is restricted in its application Justice Clark, dissenting in Jackson, says the case seems to have turned into a legal "Mother Hubbard".

It is also urged in opposition that the exclusion of the public from the Court-

room was not a violation of or denial of a federal constitutional right binding upon the States. The right to a public trial in the federal courts is guaranteed by the Sixth Amendment of the Bill of Rights. In New York it is guaranteed by Statute. (Section 8, Code of Criminal Procedure; Sec. 12, Civil Rights Law, McKinney's Consol.Laws, c. 6). Section 4 of the Judiciary Law of New York, McKinney's Consol.Laws c. 30, permits exclusion in certain enumerated instances, but the crimes of Robbery, Grand Larceny and Assault, for which the petitioner was tried, convicted and sentenced to a term of 30–60 years are not ones in which statutory permission to exclude is granted. (See People v. Jelke, 308 N.Y. 56, 123 N.E.2d 769, 48 A.L.R.2d 1425). The law of New York describes some of the instances when a judge for various good and common-sense reasons in the conduct of a trial has implied discretion and inherent power to exclude. (Crisfield v. Perine, 15 Hun 200, aff'd, 81 N.Y. 622; People v. Miller, 257 N.Y. 54, 60, 177 N. E. 306).

In the federal sphere in Gaines v. Washington, 277 U.S. 81, 85–86, 48 S.Ct. 468, 72 L.Ed. 793, the Supreme Court assumed that a criminal trial conducted in secret would violate prescribed requirements of the 14th Amendment due process clause. It was held in In re Oliver, 333 U.S. 257, 272, 68 S.Ct. 499, 92 L.Ed. 682, that a criminal is at the very least entitled to have his friends, relatives and counsel present. In the modern, noted case, Mapp v. Ohio, 367 U.S. 643, 656, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933, Justice Clark stated that the Supreme Court has not hesitated to enforce as strictly against the States as it does against the Federal Government the right to a fair public trial. It would seem there may be substantial question present as to whether the State action was violative of federal constitutional right or privilege.

It is a heavy responsibility after seventeen years have passed to compel the production of this state inmate, but under the law of the highest authority as I read it there must be further processing and inquiry into the claim presented. In my judgment, a hearing must be held to determine whether there was an intelligent and understanding waiver by the petitioner of a known constitutional right, and whether there was a deliberate bypass of the ordinary state process by failure to raise on direct appeal the point now presented here. Also, even though the claim of the petitioner that the Judge and defense attorney conspired to exclude the public is given little credence by me and has no support in the petition, it may be that at the hearing some explanation may be forthcoming as to the reason for the exclusion of the public that is as yet unexplained in any court of record, state or federal.

A writ of habeas corpus shall issue for a hearing to be held Monday, October 19, 1964, at the Federal Post Office Building, Albany, N. Y. F. Redmond Griffin, Attorney, of 22 First Street, Troy, N. Y., is hereby appointed as counsel for the petitioner. Leave to proceed in forma pauperis for purposes of the hearing is granted.

It is so ordered.