**Raymond R. BEASLEY, Appellant,**

v.

**Peter J. PITCHESS, Sheriff of Los Angeles County, Appellee.**

**No. 20237.**

United States Court of Appeals
Ninth Circuit.

March 25, 1966.

---

1. Georgia v. Rachel, Sup.Ct. No. 147; City of Greenwood v. Peacock, Sup.Ct. No. 471 and No. 649.

Raymond R. Beasley, Berkeley, Cal., in pro. per.

Evelle J. Younger, Dist. Atty., Los Angeles County, Cal., by Harry Wood, Chief, App. Div., Robert J. Lord, Deputy Dist. Atty., for appellee.

Before BROWNING, DUNIWAY and ELY, Circuit Judges.

PER CURIAM.

This appeal is from the District Court's denial of appellant's petition for writ of habeas corpus.

On November 15, 1962, the Grand Jury of Los Angeles County, California, returned an indictment in which it was charged that the appellant, on August 3, 1962 and on August 8, 1962, had offended specified California laws prohibiting the sale of narcotics. The appellant removed himself to the San Francisco, California, area at about the time the indictment was returned. He maintains that members of his immediate family resided in that vicinity, that following his move, he openly worked there for almost two years, and that he was ignorant of the existence of the indictment. On August 15, 1964, appellant was arrested in San Francisco, and the Los Angeles County authorities were notified of his detention. Since that time, appellant, in various California state court proceedings, has challenged the state's right to prosecute him for the charges preferred in the indictment of November 15, 1962. During these state court proceedings, which have been fruitless to appellant, he has presented numerous successful motions for continuance of the trial on the merits of the accusations.

In the court below, appellant contended, as he has urged in the state courts, that the state court trial cannot be had without resulting in the violation of rights guaranteed to him by the federal constitution. The federal rights claimed to be threatened with infringement are those of a speedy trial under the Sixth Amendment and due process of law under the Fourteenth Amendment. Although appellant also claims that the state threatens the violation of certain of its own requirements (Cal.Pen.Code § 1382(2)) as to the time within which the trial of a California criminal case must, after charge, commence, this particular claim affords no valid basis for the intervention of the federal courts.

In the court below, no evidentiary hearing was conducted. The district judge denied the sought relief upon the ground

that appellant, by moving from time to time to continue scheduled dates of his trial, had divested himself of any right to protest over the delay.

We do not agree with the District Court. As we see it, appellant's principal complaint is directed at the twenty-one-month period which elapsed between the time of the indictment on November 15, 1962 and his arrest on August 15, 1964.

■ While the Sixth Amendment federal guarantee of a speedy trial is not directly applicable to the state action, the unreasonable delay of a state trial can so prejudice a defendant as to violate his due process rights under the Fourteenth Amendment. It has been said,

"Four factors are relevant to a consideration of whether denial of a speedy trial assumes due process proportions: the length of delay, the reason for the delay, the prejudice to defendant, and waiver by the defendant. See Note, 57 Colum.L.Rev. 846, 861–63 (1957). These factors are to be considered together because they are interrelated. For example, even a short delay might constitute a violation of the defendant's constitutional right where the defendant is held without bail, and there is no reason for the delay."

United States ex rel. Von Cseh v. Fay, 313 F.2d 620, at 623 (2d Cir. 1963).

Here, the appellant contends that because of the delay, "he cannot produce any witnesses, records, [or] alibies to show his where about at said time alleged crime was committed * * *."

■ It appears that appellant's contentions have received some attention in the state courts. During oral argument, the state's attorney represented that the records of such proceedings would be furnished to our court within seven days of March 10, 1966, the date upon which the oral argument was heard. Thereafter, in a letter dated March 16, 1966, the state's attorney advised our court as follows:

"Yesterday I personally examined, in Department 107, the Superior Court file in People v. Beasley, #265651, and found a 45-page transcript of proceedings before Judge Vernon Spencer in September, 1965, which itself referred to a 90-odd-page transcript of a previous hearing, but which I did not find in this file."

It is to be inferred that the District Court was not furnished with a complete record of state court proceedings so as to be able to determine whether or not the appellant had obtained a full consideration and a fair determination of his contention in the California courts. Under these circumstances, we conclude that there should be a redetermination in the court below. If complete transcripts of the state court proceedings are now unavailable, then the District Court should conduct an evidentiary hearing for the determination of the important issue which appellant presents. If such transcripts are located and are available to the District Court for its review, then it may exercise its sound discretion in reaching the decision as to whether or not it must conduct its own evidentiary hearing in order to decide contested issues of fact and arrive at the just and proper legal conclusion. See Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

We are informed that the state court trial is now scheduled to begin on March 31, 1966. Because of representations made by the state's attorney during oral argument, it is assumed that the state court trial date will, in the interest of the orderly administration of justice, be refixed.

Reversed and remanded.