**Frank Louis FALGOUT, Petitioner,**

v.

**Mose TRUJILLO, Sheriff of the City and County of Denver, and Harold Dill, Chief of Police of the City of Denver, and the District Court for the Second Judicial District, State of Colorado, Respondents.**

**Civ. A. No. 66–C–583.**

United States District Court
D. Colorado.

Dec. 23, 1966.

---

4. See Judge Clarie's pre-trial order of January 5, 1966, ¶ 4.

Albert B. Dawkins, Denver, Colo., for petitioner.

Bert M. Keating, Dist. Atty. for Second Judicial Dist. of Colorado, Denver, Colo., and Max P. Zall, City Atty., City and County of Denver, by Thomas H. May, Deputy Dist. Atty., Denver, Colo., for respondents.

## MEMORANDUM OPINION AND ORDER

ARRAJ, Chief Judge.

■ This matter is before the Court on a petition for a writ of habeas corpus, under the terms of Title 28 U.S.C. § 2254. An evidentiary hearing was held. The petitioner contends that he was denied a speedy trial, in violation of rights guaranteed him by the United States Constitution. Although the Sixth Amendment right to speedy trial does not apply to criminal prosecutions in the state courts, see e. g., Gaines v. State of Washington, 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928), the Fourteenth Amendment does afford one protection where "the trial not only is not speedy but has been subject to a delay so unreasonable as to deprive him of due process." State of Maryland v. Kurek, 233 F.Supp. 431, 433 (D.Md.1964).

■ The respondents contend that the Court should not entertain this petition because petitioner has not exhausted his state remedies. We cannot agree; they do not suggest what state remedy is available. Petitioner expressed his desire for an early trial in the trial court, and he sought relief in the Colorado Supreme Court by filing a petition for a writ of habeas corpus. The remedy provided by Rule 35(b) of the Colo.R. Crim.P. is available only where a prisoner is "in custody *under sentence,*" and this was therefore of no avail to petitioner. Finally, the contention that because the petitioner has been given a trial since he filed his petition in this Court, his case is either rendered moot or new avenues of relief have been opened up to him, is wholly without merit. The filing of petitioner's action in this Court preceded his trial, and the issue is ripe for our consideration.

■ It has been said that there are four relevant factors to be considered in determining whether one has been so deprived of a speedy trial that his right to due process of law has been violated. These factors are: "the length of delay, the reason for the delay, the prejudice to defendant, and waiver by defendant." Beasley v. Pitchess, 358 F.2d 706, 708 (9th Cir. 1966); United States ex rel. Von Cseh v. Fay, 313 F.2d 620, 623 (2d Cir. 1963).

■ The possibility of a waiver by the defendant should be dealt with at the outset. Although courts have often held that the right is "personal to the defendant and is deemed waived unless promptly asserted", it is obvious that petitioner did not waive his right to a speedy trial. The evidence is clear that petitioner sought an early trial at every stage of the proceedings. His original court-appointed counsel testified that petitioner's adamant insistence on an early trial was one of the causes of counsel's withdrawal from the case. Further, there was evidence that petitioner filed a certificate of readiness for trial many months before his trial was held, and that he requested an early trial in open court. There was also evidence that petitioner raised this issue in the Colorado Supreme Court. All of these actions, of course, strongly dictate against a finding of waiver.

■ The length of delay is another important factor to be weighed. It appears from the record that petitioner was first taken into custody on or about March 18, 1966, and that his trial was not held until November 16, 1966, after almost eight months had elapsed. (On November 16, a mistrial was ordered and petitioner was re-tried and found guilty on November 28, 1966. This latter delay is not material, however.) During the entire eight month period petitioner was apparently confined in the Denver County Jail. While the mere passage of time does not of itself general-

ly impinge on one's due process rights, this is certainly the type of delay which merits further examination.

As for the reason for the delay, it is fundamental that if it is occasioned by the petitioner himself he cannot complain. The respondents in the instant case take the position that the petitioner's filing of various motions and the withdrawal of his counsel were contributing causes of his delay in obtaining a trial. The record indicates that petitioner did file a motion for a bill of particulars, a motion to suppress and a motion to dismiss counsel. There were also two motions to withdraw filed by petitioner's counsel. The respondents made no showing, however, that these filings actually forced the court to abandon a trial setting; it is quite doubtful that petitioner's actions had much, if any, effect on his time of trial.

The primary reason for petitioner's delay in getting to trial is one upon which the respondents, for some unexplained reason, placed very little emphasis. The Court is quite aware from extensive publicity in the press and from frequent discussion among members of the Bar, that the criminal docket in the district court of the second judicial district is *extremely* congested. Mr. Frank H. Conry, the clerk of that court, admitted in his testimony that the problem existed, and at one point Mr. May of the District Attorney's office said, in effect, that the eight month delay in petitioner's case was rather slight compared to the delay in some cases in that court. This is obviously the underlying explanation for petitioner's delay in obtaining a trial.

The Court of Appeals of the Tenth Circuit has stated that in order to satisfy the requirements of due process it is enough that "the petitioner was tried as soon as the orderly conduct of the court's business permitted." Hastings v. McLeod, 261 F.2d 627, 628 (10th Cir. 1958). Although the evidence before the Court seems to indicate the conduct of business in the district court of the second judicial district is not as orderly as it might be, Mr. Conry testified that petitioner's case was being processed no differently from all of the other cases on the criminal docket. It is clear that there has to be some point at which the period of delay becomes so intolerable that it is not enough that one is being treated the same as other defendants. The Court is not prepared to say, however, that the eight month delay in petitioner's case constitutes such a period.

■ The fourth relevant factor is that of prejudice to the defendant. Perhaps it can be said that the very fact that one is compelled to remain in jail for eight months constitutes a prejudice to him, but there has been no affirmative showing by the petitioner that the delay has in any way interfered with the "preparation or presentation of his defense." United States ex rel. Von Cseh v. Fay, supra at 624 of 313 F.2d. There was no contention that the delay prevented petitioner from obtaining witnesses or garnering evidence in his behalf. This factor therefore weighs against petitioner.

■ Taking into consideration all four of the relevant factors in determining whether one has been subjected to a delay of trial so unreasonable as to deprive him of due process, the Court concludes that the petitioner has not made such a showing and is therefore not entitled to relief. This conclusion is not to be construed as judicial sanction of lengthy delays in bringing an accused to trial; it is limited to the facts here disclosed. The fact that an accused who is unable to post bond and who is *presumed innocent* must remain in jail for many, many months before obtaining a trial is highly disturbing; and if the situation which prevails in the second judicial district does not improve, collisions with the guarantees of the United States Constitution are bound to occur. For the reasons stated, it is therefore

Ordered that the petition for a writ of habeas corpus be, and hereby is, denied.