Wilbur Harlow STUART, Appellant,

v.

Walter E. CRAVEN, Warden, Appellee.

No. 71-1767.

United States Court of Appeals,
Ninth Circuit.

Feb. 22, 1972.

Wilbur H. Stuart, in pro. per.

Evelle J. Younger, Cal. Atty. Gen., William E. James, Asst. Atty. Gen., William S. Abbey, and Jack K. Weber, Deputy Attys. Gen., Los Angeles, Cal., for appellee.

Before KOELSCH, BROWNING and ELY, Circuit Judges.

ELY, Circuit Judge:

The critical issue is whether the appellant Stuart's Sixth Amendment right to a speedy trial has been infringed.

In February, 1968, the District Attorney of Los Angeles County, California,

filed a criminal complaint charging Stuart with robbery. Shortly thereafter, Stuart was arrested in Butte County, California, the basis for the arrest being an outstanding warrant issued in Los Angeles after the complaint was filed. While being held pending the arrival of Los Angeles County authorities, Stuart was charged with an unrelated felony which he had allegedly committed in Butte County. He was convicted of that charge on May 31, 1968 and was subsequently transferred to a state penal institution. While imprisoned, but before any effort was made to obtain jurisdiction over him in Los Angeles, Stuart made a written demand, pursuant to § 1381 of the California Penal Code, that he be brought to trial within 90 days. The demand was received by the Los Angeles District Attorney on July 23, 1968.

After a number of unexplained administrative delays in the District Attorney's office, Stuart was finally transported to Los Angeles on September 6, 1968. He was arraigned on September 8. A preliminary hearing, scheduled for September 18, but postponed due to the absence of the robbery victim, was conducted on October 10, and Stuart was held to answer. A trial date could not, however, be set before October 29, the end of the statutory 90-day period. Thus, on October 29, the superior court dismissed the robbery charges against Stuart. The District Attorney, acting on the authority of California Penal Code § 1387,[1] immediately refiled the same charge against Stuart.

On November 22, Stuart moved to dismiss the action on the ground, *inter alia*, that he had been denied his right to a speedy trial, as secured by the United States[2] and California constitutions.[3] The motion was denied, apparently without a factual hearing by the trial court, and subsequent actions to obtain relief from a California District Court of Appeal and the California Supreme Court were of no avail. Thereafter, on March 5, 1969, Stuart was convicted of robbery. The District Court of Appeal modified the conviction, but it held that Stuart's contention that he was denied a speedy trial was inadequate since he had "[t]he record contain[ed] no allegation of prejudice nor [did] it show any." People v. Stuart, 3 Cal.App. 3d 817, 821–823, 83 Cal.Rptr. 841, 844–845 (1970). The California Supreme Court denied Stuart a hearing, and he then filed a petition for habeas corpus in the court below. The District Court judge denied the petition without a hearing and Stuart appeals. We remand for a hearing on the factual issues underlying Stuart's claim.

1. "An order for the dismissal of the action . . . is [not] a bar to any other prosecution for the same offense . . . if it is a felony."
   See People v. Godlewski, 22 Cal.2d 677, 140 P.2d 381 (1943).

2. See Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967), holding the Speedy Trial Clause of the Sixth Amendment binding upon the states.
   Stuart also claims that his due process rights were violated by the pretrial delay. In light of our decision on his Sixth Amendment claim, we do not specifically decide this due process argument. It should be noted, however, that the Due Process Clause has been interpreted to bar "unreasonable" delays in prosecution. See, e. g., Beasley v. Pitchess, 358 F.2d 706, 708 (9th Cir. 1966); United States ex rel. Von Cseh v. Fay, 313 F.2d 620, 623 (2d Cir. 1963). *Beasley* and its ilk were all decided before *Klopfer* determined the Speedy Trial Clause to be applicable to the states; moreover, they employed a test suspiciously similar to that used in subsequent Sixth Amendment cases.

3. Cal.Const. Art. I, § 13.
   In earlier proceedings, Stuart contended that several state statutes had been violated; those arguments are, quite properly, not pressed in this action. Stuart does, however, argue that since the complaint was once dismissed under § 1387 for not being promptly prosecuted, his subsequent trial was not, in constitutional terms, speedy. As to this contention, it is sufficient to note that state statutes are never determinative of constitutional limitations.

█ The right to a speedy trial is relative, and each case must be judged on its facts. Beavers v. Haubert, 198 U.S. 77, 87, 25 S.Ct. 573, 576, 49 L.Ed. 950, 954 (1905). Four factors are generally considered in making the critical determination: (1) the length of the delay; (2) the reason for the delay; (3) the prejudice to the defendant; and (4) the possibility of a waiver by the defendant. See, e. g., United States v. Fitzpatrick, 437 F.2d 19, 26–27 (2d Cir. 1970); United States ex rel. Solomon v. Mancusi, 412 F.2d 88 (2d Cir.), cert. denied, 396 U.S. 936, 90 S.Ct. 269, 24 L. Ed.2d 236 (1969). See also Dickey v. Florida, 398 U.S. 30, 47–57, 90 S.Ct. 1564, 1573–1578, 26 L.Ed.2d 26, 37–43 (1970) (Brennan, J., concurring).

█ In this case, there is no question that the Sixth Amendment applies; delays between indictment and trial are clearly restricted by the Constitution. See, e. g., Lucas v. United States, 363 F.2d 500, 502 (9th Cir. 1966). See also United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Similarly, there is no issue of waiver. There are, however, important factual issues with regard to the other three factors.

█ It is true, as the appellee contends, that the length of the delay in this case (13 months, 3 of which were caused by Stuart's interim collateral actions) is not *per se* sufficient to find a denial of Sixth Amendment rights. United States v. Penland, 429 F.2d 9, 10, n.2 (9th Cir. 1970). As was noted in *Mancusi, supra*, "dismissal has rarely been granted for a delay of less than several years." 412 F.2d at 90. We

think, however, that when delay actually prejudices the defendant, or cannot be justified by reference to a legitimate concern for the rights of public justice, dismissal is appropriate even though the delay is of much shorter duration. *See* United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627, 630–631 (1966); *cf. Penland, supra.*

█ Here, the District Court Order denying Stuart's petition noted that much of the pre-trial delay was caused by administrative blunders in the District Attorney's office. In addition, after the District Court denied his petition, Stuart filed a Motion for Rehearing which specified several possible sources of prejudice.[4] Both of these points deserved full consideration. *See Dickey, supra*, 398 U.S. at 51, 53–55, 90 S.Ct. 1564, 1575–1577, 26 L.Ed.2d 26, 39–42 (Brennan, J., concurring) (1970). The record before us does not indicate that such full consideration has hitherto been applied. As to the delay attributable to the District Attorney's blunders, the Court said only that it saw "no dilatory action on the part of the District Attorney . . . in bringing petitioner to trial on the *refiled* charges. . . ." As we interpret that language, the District Court did not decide (1) whether dilatory action caused the delay which resulted in the dismissal of the original charges, and (2) if it did, whether that was of constitutional significance.[5] A similar problem exists with regard to the belated allegations of prejudice set forth in the Motion for Rehearing. Those allegations raised significant issues and should have been treated as "an amendment to the original petition," irrespective of when they were presented

---

4. *Compare* this with Mull v. United States, 9 Cir., 402 F.2d 571 (1968) where "the moving papers [made] no showing of prejudice" and dismissal ‘of the defendant's motion under Fed.R.Crim.P. 48(b) (unreasonable delay in prosecution) was held to be proper.

*See also* United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) wherein the Court stated that although a showing of "actual prejudice

to the conduct of the defense" resulting from a delay might raise a due process issue, allegations of possible prejudice from the effects "inherent in any extended delay" would not. 404 U.S. 325–326, 92 S.Ct. at 466.

5. The quoted language is ambiguous, and we may be incorrect in our interpretation of it, but only the District Court can provide the clarification which is so obviously necessary.

to the District Court. *See* Wright v. Dickson, 336 F.2d 878, 881, n.2 (9th Cir. 1964). The District Court's summary denial of Stuart's motion does not reveal that that document was accorded the "required measure of tolerance," (Pike v. Dickson, 323 F.2d 856, 857 (9th Cir. 1963)), and interpreted in light of the controlling authorities relating to the Speedy Trial provision of the Constitution.

■ The Supreme Court has held that the Speedy Trial Clause may be violated when a delay in prosecution, occurring after indictment, is deliberate or oppressive, Pollard v. United States, 352 U.S. 354, 361–362, 77 S.Ct. 481, 485–486, 1 L.Ed.2d 393, 399–400 (1957). It has also been held that a negligent prosecutorial delay may violate this constitutional guarantee. Hanrahan v. United States, 121 U.S.App.D.C. 134, 348 F.2d 363, 368 (1965). The delay in this case was neither of great length nor the result of obvious governmental abuse of its prerogatives. Nevertheless, in light of the clear evidence of the prosecutor's negligence, it cannot be sanctioned absent full judicial scrutiny.

In *Dickey*, the Supreme Court held that sufficient prejudice for a Sixth Amendment violation was shown when the pre-trial delay resulted in the loss of three defense witnesses—two died and one could not be located—and the unavailability of police records. Here, Stuart alleged in his Motion for Rehearing that he lost, at the minimum, the services of a number of helpful witnesses—one was terminally ill, others had failing memories. *Cf.* Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210, 214–215 (1965). Upon a full and fair determination of the prejudice ac-

tually suffered by Stuart, as "previewed" in his Motion, it is not implausible that he would meet the constitutional standards delineated in *Dickey* and other, lower court, cases. *See, e. g.,* Olney v. United States, 433 F.2d 161, 163 (9th Cir. 1970).

■ Unfortunately, the record before us provides no adequate basis for a dispositive decision. Stuart has yet to have a hearing on the facts underlying his Sixth Amendment claim in either the state or federal courts. As a result, there is a barren record which neither validates nor invalidates Stuart's claim. *Cf. Hanrahan, supra,* 348 F.2d at 368. We have held that a District Court's decision in a case such as this must be based upon either an evidentiary hearing held by that court or a complete record of such a state court hearing revealing that the petitioner had there had a "full consideration and a fair determination of his contention." Beasley v. Pitchess, 358 F.2d 706, 708 (9th Cir. 1966). Here, we find that no court, either state or federal, has attempted to develop a proper record upon which the contested issues could be decided. Being therefore unable to reach a decision on the merits, we must remand for a redetermination in the court below.

Upon remand, the District Court may exercise its discretion as to whether it shall itself first proceed with the required evidentiary hearing or hold the petition in abeyance so as to allow the state authorities a reasonable period of time within which to afford the hearing in the first instance.[6] *See* Townsend v. Sain, 372 U.S. 293, 312–318, 83 S.Ct. 745, 756–760, 9 L.Ed.2d 770, 785–789 (1963).

Reversed and remanded.

---

6. In making its decision, the District Court should consider whether Stuart failed to exhaust his state remedies by not drawing the state courts' attention to the sources of possible prejudice revealed to the District Court.