Charles Thomas **BUCHANNON**,
Petitioner-Appellant,

v.

**Louie L. WAINWRIGHT**, Director, Florida Division of Corrections, Respondent-Appellee.

No. 72–3590
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 9, 1973.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Charles Buchannon, pro se.

Robert L. Shevin, Atty. Gen., Nelson Bailey, Asst. Atty. Gen., Tallahassee, Fla., Fredric J. Scott, Asst. Atty. Gen., W. Palm Beach, Fla., for respondent-appellee.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

The district court denied the petition of Buchannon, a Florida state prisoner, for a writ of habeas corpus. We affirm.

The appellant was convicted upon trial by jury of robbery and assault with intent to commit first degree murder and was sentenced to concurrent terms of 35 and 20 years, respectively. The conviction was affirmed on direct appeal. Buchannon v. Wainwright, Fla.App. 1970, 239 So.2d 608.

■ In his habeas petition filed below, appellant alleged several grounds for relief. First he alleged that he was initially arrested pursuant to a justice of the peace warrant, but after a preliminary hearing it was found there was no probable cause for the arrest and he was released. Subsequently the state attorney filed an information against appellant, he was again arrested, and proceeded to trial without a preliminary hearing. Appellant contends he was illegally rearrested and was illegally denied a second preliminary hearing. The contentions are without merit. The state was obviously within its rights to file an information after appellant was initially released. There is nothing in the state law which requires a preliminary hearing after an information has been filed. Also, appellant has no constitutional right to a preliminary hearing. Jackson v. Smith, 5th Cir. 1970, 435 F.2d 1284; Scarbrough v. Dutton, 5th Cir. 1968, 393 F.2d 6.

■ Appellant contended that his convictions are invalid because he was prosecuted on a bill of information and not on an indictment. The states are free to proceed on an information since the indictment clause of the constitution is not applicable to the states. Gaines v. Washington, 1928, 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793; Hurtado v. California, 1884, 110 U.S. 516, 4 S.Ct. 111, 292, 28 L.Ed. 232; Henderson v. Cronvich, 5th Cir. 1968, 402 F.2d 763. He also contended that the trial court erred in admitting conflicting testimony and admitting evidence regarding a pistol owned by appellant. A state court's rulings on admissibility of evidence do not present grounds for federal review. Lisenba v. California, 1941, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166; Pleas v. Wainwright, 5th Cir. 1971, 441 F.2d 56; Williams v. Wainwright, 5th Cir. 1970, 427 F.2d 921.

■ Appellant contended that his sentence is excessive because his co-defendants received lower sentences. This likewise presents no grounds for federal habeas corpus relief. United States v. Harbolt, 5th Cir. 1972, 455 F.2d 970; Rodriquez v. United States, 5th Cir. 1968, 394 F.2d 825. He also alleged that a determination of the voluntariness of his confession was not made by the trial court. The district court found that no confession or statement was introduced as evidence against him. A review of the trial transcript reveals no clear error in that finding. Finally, appellant contended that housewives and 18–20 year olds were excluded from his jury. Appellant stated only a conclusion, offering no factual allegations to support that conclusion.

There being no merit to appellant's contentions, the judgment below is affirmed.

Affirmed.